KYNCL and wife, Appellants, v. KENOSHA COUNTY, Respondent. [Case No. 106.] * HANSCHE, Administrator, and others, Appellants, v. SAME, Respondent. [Case No. 107.] *

*January 3—January 30, 1968.*

* Motion for rehearing denied, without costs, on April 9, 1968.

548

For the appellants in Case No. 106 there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *Charles J. Richards.*

For the appellants in Case No. 107 there was a brief by *Phillips & Richards,* and by *Antaramian & Antaramian,* all of Kenosha.

For the respondent in Case No. 106 there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon.*

For the respondent in Case No. 107 there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha.

BEILFUSS, J. The issue is whether Kenosha county was a party to the condemnation award within the meaning of sec. 32.05 (9), Stats., so that service on the county

was sufficient to give the court jurisdiction over the necessary parties.

When land is needed for state trunk highway improvement the state highway commission may provide for its acquisition under sec. 84.09, Stats. Sub. (1) provides that the commission may take the necessary action to acquire the land and, if it does, title to the land shall be taken in the name of the *state*. By virtue of sub. (3) (a) the commission may order that all or part of the land be acquired by the county highway committee and, if so, title is taken in the name of the *county*. Under sub. (3m) the commission may order a board, commission or department of a city to acquire lands located within the city and in those instances title is taken in the name of the *state*.

As the trial court noted in its memorandum opinion, a copy of the relocation order of the state highway commission and copies of the awards were not presented to the court. Consequently, these documents are not of record on appeal. The plaintiffs' petitions before the trial court stated, however, that the county highway committee of Kenosha county, acting pursuant to authority vested in it by the state highway commission of Wisconsin and pursuant to statute, condemned the properties of the plaintiffs for state trunk highway purposes. We, therefore, assume the state highway commission ordered the county highway committee of Kenosha county to acquire the land of the appellants.

Sec. 84.09 (3) (a), Stats., provides:

"The commission may order that all or certain parts of the required land or interests therein be acquired by the county highway committee. When so ordered, the committee and the commission shall appraise and agree on the maximum price, including damages, considered reasonable for the lands or interests to be so acquired. The committee shall endeavor to obtain easements or title in fee simple by conveyance of the lands or interests required, as directed in the commission's order. The instrument of conveyance shall name the county as

grantee, shall be subject to approval by the commission, and shall be recorded in the office of the register of deeds and filed with the commission. If the needed lands or interests therein cannot be purchased expeditiously within the appraised price, the county highway committee may acquire them by condemnation under ch. 32."

The plaintiffs' appeals from the awards were taken directly to the circuit court for Kenosha county in accordance with the provisions of sec. 32.05 (11), Stats.: [1]

"WAIVER OF HEARING BEFORE COMMISSION; APPEAL TO CIRCUIT COURT AND JURY. The owner of any interest in the property condemned named in the basic award may elect to waive the appeal procedure specified in sub. (9) and instead, within 2 years after the date of taking, appeal to the circuit court of the county wherein the property is located. The notice of appeal shall be served as provided in sub. (9) (a). Filing of the notice of appeal shall constitute such waiver. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the *condemnor as defendant*. It shall proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein and shall have precedence over all other actions not then on trial. The sole issues to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant. The amount of the jurisdictional offer or basic award shall not be disclosed to the jury during such trial. Where one party in interest has appealed from the award, no other party in interest who has been served with notice of such appeal may take a separate appeal but may join in the appeal by serving notice upon the condemnor and the appellant of his election to do so. Such notice shall be given by certified mail or personal service within 10 days after receipt of notice of the appeal and shall be filed with the clerk of court. Upon failure to give such notice such parties shall be deemed not to have appealed. The appeal shall

---

[1] The plaintiffs did not avail themselves of the optional right to have the matter of fair compensation determined by condemnation commissioners under secs. 32.05 (9) and 32.08, Stats.

not affect parties who have not joined in the appeal as herein provided. In cases involving more than one party in interest with a right to appeal, the first of such parties filing an appeal under sub. (9) or under this subsection shall determine whether such appeal shall be under sub. (9) or directly to the circuit court as here provided. No party in interest may file an appeal under this subsection if another party in interest in the same lands has filed a prior appeal complying with the requirements of sub. (9). In cases involving multiple ownership or interests in lands taken the provisions of s. 32.05 (9) (a) 1, 2 and 3 shall govern. . . ." (Emphasis supplied.)

As the statute provides, to commence such an action a notice of appeal must be served as provided in sec. 32.05 (9) (a), Stats.:

"Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal the award . . . . Such application shall contain a description of the property condemned and the names and last known addresses of all parties in interest . . . . Notice of such application shall be given to the clerk of the court and to all other persons other than the applicant who were parties to the award. . . ."

Sec. 32.05 (11), Stats., expressly makes the "condemnor" the defendant. As such, the condemnor is clearly entitled to notice under sec. 32.05 (9) (a), being both a party to the award and an "interested party."

The last sentence of sec. 84.09 (3) (a), Stats., provides: "If the needed lands or interests therein cannot be purchased expeditiously within the appraised price, the county highway committee may acquire them by condemnation under ch. 32." Respondent urges the county highway committee, not the county, is the "condemnor" under the statutory framework. Appellants contend the county is the condemnor by virtue of the fact that title was conveyed to the county.

It is solely by order of the state highway commission that the county highway committee performs its duties

in condemning the required lands. The lands condemned pursuant to sec. 84.09 (3) (a), Stats., are condemned for state trunk highways.[2] The county highway committee acquires absolutely no interest in the property condemned. The county is named as grantee in the instrument of conveyance, but the title is only a "naked" legal title to the property which the county holds at the pleasure of the state highway commission. Sec. 84.09 (3) (b) provides:

"Any property of whatever nature acquired in the name of the county pursuant to this section or any predecessor shall be conveyed to the state without charge by the county highway committee and county clerk in the name of the county when so ordered by the commission."

Consequently, property condemned pursuant to sec. 84.09 (3) (a), Stats., is condemned by the state highway commission through the county highway committee and the county. In a strict sense the ultimate condemnor is the state acting through its agents, the state highway commission, the county highway committee, and the county. All, in the final analysis, are answerable to the state. However, the state cannot be sued without its consent, but sec. 32.05 (1) designates the state highway commission, the county board of supervisors, and the county highway committee and others as condemnors "for highway purposes."[3]

Sec. 32.05 (11), Stats., requires that the "condemnor" be made the defendant in an appeal to the circuit court. Sec. 84.09 (3) does not specifically designate either the state highway commission, the county highway committee, or the county as condemnor; each by the terms of the statute has some part in the acquisition of the land.

---

[2] Acquisition of lands by the county for county trunk highways is governed by different provisions contained in ch. 83, Stats.

[3] Other statutes may define, extend or limit the authority for specific types of highway condemnation.

The county has more than just a passive role. It selects, compensates, and to a substantial degree, controls the county highway committee. It accepts title to the land condemned even though it must in turn convey to the state on demand of the state highway commission. There can be no doubt that a county stands as agent of the state.

"A county is a political subdivision of the state, as was held in *Young v. Juneau County*, 192 Wis. 646, 212 N. W. 295. It is a governmental agency of the state, performing primarily the functions of the state locally. It so acts for the state in the administration of justice; in the establishment of almshouses and other charitable institutions; in maintaining insane asylums and penal institutions. It is not created for the local convenience of the inhabitants as in the case of cities and villages. It exists not by virtue of its own will or consent, but as a result of the superimposed will of the state." *State ex rel. Bare v. Schinz* (1927), 194 Wis. 397, 400, 401, 216 N. W. 509.

In the cases at hand the award, the document which divested title, placed the title in the name of the county. Serving the notice of appeal upon the subdivision of the state (Kenosha county) that was designated as the new owner when the statute does not specify which municipality, commission or committee should be served as condemnor does not seem to be illogical. Nor does it seem at all probable that notice to the county would not be notice to the county highway committee or the state highway commission. Under these circumstances a condemnee should not be denied his fundamental right to have "just compensation" for his land determined in a judicial proceeding because he has not, at his peril, selected the right involved state agency as condemnor.

In the absence of a specific direction in the statute as to who is to be designated the condemnor for service of notice to contest the award, an ambiguity exists. Procedural statutes are to be liberally construed so as to

permit a determination upon the merits of the controversy if such construction is possible.

If sound reasons exist for requiring the service of a notice of appeal upon the county highway committee or the state highway commission, such requirement can easily be accomplished by legislative act or amendment.

We therefore hold that service on Kenosha county was sufficient service and notice to the condemnor.

*By the Court.*—Orders reversed and causes remanded for further proceedings according to law.