PHILIP E. LERMAN, Executive Director State Manpower Council
You request my opinion whether counties acting through their respective boards of supervisors have power to contract with private nonprofit agencies for public service employment positions utilizing funds from Titles Il or VI of the Federal Comprehensive Employment and Training Act. You advise that the Governor has *Page 16 
designated the State Manpower Council to administer the program and that funds are channeled through your Council as the state has qualified as prime sponsor under the Act.
You indicate that contractual agreements take two forms:
 "1. Where counties of under 50,000 population subcontract with private non-profit agencies at our request, so as to minimize our administrative costs by minimizing the number of contracts we have to manage, (or)
 "2. Where counties of over 50,000 receive flat grant amounts from the State Manpower Council and determine what public service employment positions they will fund using monies allocated by us and then subcontract with private non-profit agencies they select."
You state that the purpose of the funds is to provide public services while providing employment for persons currently unemployed or underemployed and that the use of the funds is restricted by contract to wages and fringe benefits for the participants plus a small amount for administrative costs.
I am of the opinion that counties have such power if their role is set forth in the State Comprehensive Manpower Plan approved by the Governor and Secretary of Labor and providing that they have been designated by the Governor to perform specific duties for the state pursuant to sec. 16.54 (6), Stats., which provides:
 "16.54 (6) The governor may accept for the state the provisions of any act of congress whereby funds or other benefits are made available to the state, its political subdivisions, or its citizens, so far as the governor deems such provisions to be in the public interest; and to this end the governor may take or cause to be taken all necessary acts including (without limitation because of enumeration) the making of leases or other contracts with the federal government; the preparation, adoption and execution of plans, methods, and agreements, and the designation of state, municipal or other agencies to perform specific duties."
Also see sec. 16.54 (1), (2), (4) (5), (7), Stats.
 Section 16.54 (7), Stats., provides: *Page 17 
 "The governor may accept for the state at all times the provisions of any act of congress whereby funds are made available to the state for any purpose whatsoever, including the school health program under the social security act, and perform all other acts necessary to comply with and otherwise obtain, facilitate, expedite, and carry out the required provisions of such acts of congress."
There is no need to set forth the provisions of the Federal Law at length. The Title II you refer to is the Public Employment Programs created by Title II of the Publ. L. 93-203 (1973) and Title VI refers to Emergency Job Programs created by Publ. L. 93-567 (1974). They appear at 29 U.S.C. secs. 801-885, and secs. 961-992. The purpose of both is to include "development and creation of job opportunities and the training, education, and other services needed to enable individuals to secure and retain employment at their maximum capacity." 29 U.S.C. sec. 811. The law gives a restrictive definition to "public service," defines "low-income level," "offender," "underemployed persons" and "unemployed persons." It is clear that the intent of the law is to grant most benefits to individual participants, but contemplates cooperation and, where necessary, contractual arrangements between federal, state, and local agencies of government and community-based organizations of a nonprofit private nature and in some instances, other private agencies, institutions and organizations. See 29 U.S. § 815, 981.
County boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. Maier v. Racine County, 1 Wis.2d 384, 385,84 N.W.2d 76 (1957). However, a county is a "`governmental agency of the state, performing primarily the functions of the state locally.'"Kyncl v. Kenosha County, 37 Wis.2d 547, 555, 155 N.W.2d 583
(1968).
Section 59.01 (1), Stats., provides that a county is a body corporate and is authorized "to make such contracts and to do such other acts as are necessary and proper to the exercise of the powers and privileges granted and the performance of the legal duties charged upon it." Section 59.02 (1), Stats., provides that "The powers of a county as a body corporate can only be exercised by the board thereof, or in pursuance of a resolution or ordinance adopted by it." Insofar as contracts between the state and respective counties are concerned, the provisions of sec. 66.30 (2). Stats., as recreated by *Page 18 
ch. 123, Laws of 1975, which relates to intergovernmental cooperation agreements, while not determinative of the question you raise, is material.
This situation is different than the one addressed in 64 OAG 208 (1975). Although the Legislature has not expressly provided that counties may participate in the federal program with which we are here concerned, the power to receive and disburse the funds arises from sec. 16.54 (6) and (7), Stats. Section 16.54, Stats., was not involved in 64 OAG 208 (1975).
Consequently it is my opinion that the county can act in cooperation with and as an agency of the state in the carrying out of the federal program when the role of the county is included in the State Comprehensive Manpower Plan approved by the Governor and Secretary of Labor, the Governor has designated the counties to perform specific duties, including, if appropriate, the contracting or subcontracting with private nonprofit agencies for the state pursuant to sec. 16.54 (6) and (7), Stats., and the program operates in accordance with the federal law involved.
BCL:RJV