STATE of Wisconsin DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant,†

v.

Keith J. PETERSON, Chairman, Douglas County Condemnation Commission, Respondent-Respondent,

HARBOR MALL PROPERTIES LIMITED PARTNERSHIP, Henry Cohen and Edith Cohen, Intervening-Respondents.

Court of Appeals

*No. 97–2718. Submitted on briefs March 10, 1998.—Decided March 31, 1998.*

(Also reported in 581 N.W.2d 539.)

†Petition to review granted.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Kathleen M. Ptacek* and *Charles R. Larsen*, assistant attorneys general.

On behalf of the respondents, the cause was submitted on the brief of *Don Bye* of *Weiby, Maki, Durst, Ledin, Bick & Lehr, S.C.,* and *Keith J. Peterson* of Superior.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J.   The Wisconsin Department of Transportation appeals the trial court's order denying its petition for a writ of prohibition. The DOT condemned property belonging to Harbor Mall Properties and Henry and Edith Cohen.[1] The Cohens attempted to appeal the damages award to the Douglas County Condemnation Commission. As part of the process, they served the Wisconsin Attorney General with a

---

[1] For convenience we will refer to Harbor Mall, the Cohens and the respondent, Randy J. Peterson, chairman of the Douglas County Condemnation Commission, as "the Cohens."

474

notice of application and application for assignment to the commission (hereinafter, "notice").

The DOT petitioned the Douglas County Circuit Court for a writ of prohibition to enjoin the chairman of the commission from convening a hearing on the Cohens' appeal. It is DOT's position, essentially, that the trial court was without authority to render an order assigning the matter to the commission because the Cohens failed to serve the notice on the condemning authority, the DOT. If the circuit court was without authority to make the assignment, the DOT argues, then the commission lacks jurisdiction to hear the appeal. The trial court held that the statutory scheme in question can be construed to permit service of the notice and application on the State of Wisconsin, which is properly accomplished by service on the attorney general. We conclude that the statute in question is ambiguous and may be reasonably construed to support the argument that service on the attorney general is sufficient, under controlling precedent, to permit a determination on the merits of the appeal. We therefore affirm the trial court's order denying the DOT's writ of prohibition.

This case involves the interpretation and application of a statute to undisputed facts. This is a question of law that we review independently of the trial court's determination. *Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The Cohens appealed the condemnation award pursuant to § 32.05(9)(a), STATS., which requires service of a notice of application and application for assignment and an order from a circuit judge assigning the appeal to the local condemnation commission.[2] Sec-

---

[2] Section 32.05(9)(a), STATS., provides:

tion 32.05(9)(a) requires notice of the application to be given to all *persons* who were parties to the award. "Person" is defined in § 32.01(1), STATS., as "the *state*, a county, town, village, city . . . ." (Emphasis added.) Section 801.11, STATS., provides that service on the State is accomplished by service upon the attorney general.[3]

The DOT correctly notes that the § 32.05(9)(a), STATS., assignment procedure is an administrative rather than a judicial proceeding and that the judge's assignment function is therefore administrative, not judicial.[4] Without detailing its entire syllogism but drawing inferences therefrom to supply what we perceive as its intended argument, the DOT observes that administrative proceedings must conform precisely to

Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award . . . by applying to the judge of the circuit court for the county wherein the property is located for assignment to a commission of county condemnation commissioners. . . . This application shall contain a description of the property condemned and the names and last-known addresses of all parties in interest . . . . Notice of the application shall be given to the clerk of court and to all other persons other than the applicant who were parties to the award. The notice may be given by certified mail or personal service. Upon proof of the service the judge shall forthwith make assignment.

[3] Section 801.11, STATS., provides in part:

Personal jurisdiction, manner of serving summons for. . . .

. . . .

(3) STATE. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general or leaving them at the attorney general's office at the capitol with an assistant or clerk.

[4] *State ex rel. Milwaukee Cty. Exp. Comm'n v. Spenner*, 51 Wis. 2d 138, 142–43, 186 N.W.2d 298, 301 (1971), *superseded by statute on other grounds, City of La Crosse v. Shiftar Bros.*, 162 Wis. 2d 556, 469 N.W.2d 915 (Ct. App. 1991).

the statutory scheme. Therefore, unless the statutory notice is served on the proper party, the circuit court lacks the authority to make an assignment of an appeal to the condemnation commission. The DOT argues that it, and not the Justice Department, should have been served with the notice because the DOT is both a signatory to the Cohens' award of damages and the agency authorized by § 84.09(2), STATS., to condemn land under ch. 32 for transportation and highway purposes. Moreover, it contends that under the holding in *Konrad v. State*, 4 Wis. 2d 532, 91 N.W.2d 203 (1958), service on the attorney general does not constitute service on a body to which the Legislature has given powers of condemnation.[5]

---

[5] The DOT advances two other contentions. First it argues that the appeal must be filed and service effectuated within two years of the taking, but it has never been served with a notice of the Cohens' appeal. We need not address this argument in light of our holding that service on the attorney general is sufficient to permit the appeal to proceed under the circumstances of this case and applicable authority.

It also contends that service on the attorney general did not constitute service on the State because § 801.11(3), STATS., only applies to civil actions and special proceedings, not administrative condemnation proceedings. For this proposition it relies upon *City of Madison v. Tiedeman*, 1 Wis. 2d 136, 143, 83 N.W.2d 694, 698 (1957): "Ch. 32, Stats., furnishes a complete and exclusive method of procedure in condemnation matters." This argument fails for two reasons. First, it is in a sense circuitous, relying on its fundamental proposition that *it* is the only entity that can be served with the notice, thereby ignoring the Cohens' argument, *infra,* that the State is not only also an entity, but the one literally defined as the "person" entitled to service of the notice. We also agree with the Cohens that the rule in *Shiftar*, renders reasonable their decision to serve the State through the attorney general. *Shiftar* held that when a

The Cohens characterize the issue as whether "service on the State is valid service on the DOT." They note that § 32.05(9)(a), STATS., was declared ambiguous in *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 155 N.W.2d 583 (1968). Adding to the uncertainty in this case is the award's reference to the "State of Wisconsin" as the entity making the award of damages.[6] The Cohens appear essentially to argue that, under *Kyncl*, where the statute was ambiguous as to whom should be served, selection of a reasonable but incorrect entity for service will not deprive them of a determination on the merits. Thus, they observe, § 32.05(9)(a) requires that notice of the application be given by certified mail or personal service to all *persons* who were parties to the award. The definition of "Person" in § 32.01(1), STATS., includes "the *state,*" rather than the condemnor or any particular department or agency. (Emphasis added.) Accordingly, they contend that their service on the State derived from a reasonable construction of the applicable statutes.

We first turn to the DOT's contention that *Konrad*'s holding that service of notice of an action on the attorney general does not constitute service on a body to which the Legislature has given powers of condem-

procedural statute is silent on a particular point of procedure, the rules of civil procedure provide guidance. *Id.* at 560, 469 N.W.2d at 916. Here, resort may be made to § 801.11, STATS., because § 32.05(9)(a), STATS., is silent as to how this particular "person" who was "[a party] to the award," "the State," is to be served with the notice.

[6] The award is entitled, "AWARD OF DAMAGES By *State of Wisconsin.*" (Emphasis added.) It also states that *the State of Wisconsin* deemed it necessary to acquire the subject [real estate] and that *the State of Wisconsin* met all jurisdictional requirements and made the award of damages.

478

nation controls the result in this case. We agree with the Cohens' contention that *Konrad* is of no assistance in resolving the issue before us.

Chapter 32, STATS., has been so dramatically altered and expanded since *Konrad* was decided that the court was, in effect, construing a wholly different legislative scheme from current condemnation law. The present eminent domain chapter retains only vestiges of the previous substantive and procedural rules and those that are retained are not all interrelated in the same manner as previously. For example, the appeal provision, § 32.11, STATS., 1957, bears little resemblance to the current circuit court appeal section,[7] and none to § 32.05(9), STATS. It contains no explicit service requirement independent of those pertaining to an ordinary court action. Moreover, when the court in *Konrad* interpreted the former § 32.05, it was construing the section that provided the procedure for giving notice of the *filing of a condemnation petition*. It had nothing to do with the procedural requirements for appealing an award of damages to a county condemnation board, an alternative apparently not available at the time. Under these circumstances, we are reluctant to place any reliance on *Konrad*.

More importantly, the language in § 32.05, STATS., 1957, is materially different from the current § 32.05(9)(a). When *Konrad* was decided, § 32.05, STATS., 1957, provided, in its entirety:

> Notice of hearing. Upon the filing of such petition [for condemnation] the judge shall fix a time and place for the hearing thereon. Notice of such hearing shall be served upon *all interested* at least twenty days before said hearing or if any party can-

---

[7] Section 32.05(11), STATS.

not be found then by publication once a week for three weeks in a newspaper to be designated by the judge. (Emphasis added.)

The notice was to be given to "all interested," not to "persons." Because the current framework for eminent domain did not then exist, the *Konrad* court could not address the meaning of the term "Person" in § 32.05(9)(a) or of "the state" in § 32.01(1), STATS. Thus the holding in *Konrad* is not helpful to our analysis.

The DOT also relies on *Zinn v. State*, 112 Wis. 2d 417, 434, 334 N.W.2d 67, 75 (1983), for the proposition that under the doctrine of sovereign immunity, "the aggrieved landowner must sue the state agency which has taken the property," where the State has not consented to be sued. While this is a correct statement of the law, it does not contribute to a determination of the matter before us. The issue in *Zinn* was whether a civil complaint seeking damages in circuit court under the Wisconsin Constitution's "just compensation" clause stated a claim upon which relief could be granted. Because it was not a condemnation case, it did not involve an interpretation of §§ 32.05(9)(a) and 32.01(1), STATS., and therefore, as with *Konrad*, offers no guidance in resolving the instant dispute. Rather, we agree with the Cohens that the principle espoused in *Kyncl* leads to the proper determination of this case.

Under the version of § 84.09, STATS., 1967, in effect at the time of the *Kyncl* decision, the state highway commission could condemn land under ch. 32, STATS. It exercised its power through county highway committees, which took title in the name of the county. In *Kyncl*, the Kenosha County Highway Committee, acting (the supreme court presumed) under an order of the state highway commission, condemned the plaintiffs' land and took title in the name of Kenosha County. *Id.*

at 549, 155 N.W.2d at 584. The plaintiffs were dissatisfied with their awards. They waived their right to appeal to the condemnation committee under § 32.05(9), STATS., 1967, and instead appealed to the circuit court pursuant to § 32.05(11), STATS., 1967. *See id.* Only Kenosha County was named in the notice of appeal, which was served on the county clerk. *Id.* After the two-year period in which to file an appeal expired, the county moved to dismiss the proceedings on the grounds that the county highway committee and the state highway commission were necessary parties to the appeal but had not been served with the notice of appeal. *Id.* at 550, 155 N.W.2d at 584.

The issue in *Kyncl* was "whether Kenosha county was a party to the condemnation award within the meaning of § 32.05(9), STATS., so that service on the county was sufficient to give the court jurisdiction over the necessary parties." *Id.* at 550–51, 155 N.W.2d at 584. Although the appellants appealed directly to the circuit court under § 32.05(11), STATS., 1967, that section required that notice of appeal was to be served as provided in § 32.05(9). Under § 32.05(11), once the notice of appeal was filed with the circuit court, the "condemnor" was designated the defendant. The supreme court noted that as the defendant, "the condemnor is clearly entitled to notice [of the appeal] under sec. 32.05(9)(a), being both a party to the award and an 'interested party.' "[8] *Kyncl*, 37 Wis. 2d at 553,

---

[8] The Cohens concede that the condemnor is entitled to notice under the service statute. They suggest, however, that *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 155 N.W.2d 583 (1968), can be read to support the conclusion that the condemnor is in fact the State, thus implying that they satisfied the requirement of serving the condemnor. In light of our holding, we decline to address this argument. An appellate court should

155 N.W.2d at 586. The supreme court concluded, however, that § 84.09(3)(a), STATS., 1967, was ambiguous with regard to identifying the condemnor. Kenosha County argued that the county highway committee was the condemnor because the statute provided that the committee could condemn land. The appellants claimed that the county was the condemnor because title was conveyed to it. The supreme court rejected both positions and concluded, in an analysis not germane to the instant issue, that the ultimate condemnor is the State, acting through its agents, the state highway commission, the county highway committee and the county. Because, however, the State cannot be sued

decide cases on the narrowest possible grounds. *State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44, 46 (1997).

Their foregoing argument notwithstanding, the Cohens' statement of the issue implies their recognition that the DOT is the condemnor: "The issue in this matter is whether service on the State, as mandated by Chapter 32 is valid service on the State Department of Transportation." They then advance the theory to the effect that the DOT and the State "are really the same entity." This contention appears to run contrary to language in several cases, including *Zinn v. State*, 112 Wis. 2d 417, 434, 334 N.W.2d 67, 75 (1983), and *Kyncl*, that the State has not consented to be sued in condemnation cases, and therefore the condemning agency is the proper party to the action. This demonstrates that the State and its agencies are discrete entities for purposes of condemnation matters. We observe, however, that the supreme court has never been called upon to resolve whether the legislature intended to exercise its prerogative to waive the State's immunity from suit by providing that "the state" is a "person" entitled to notice of an appeal under § 32.05, STATS., rather than those departments or agencies empowered to exercise the authority on its behalf. Again, however, under *Castillo*, we do not further analyze this likely unprofitable distinction between precedent and this case.

without its consent, § 32.05(1), STATS., designates the state highway commission, the county board of supervisors, and the county highway committee and others as condemnors for highway purposes.

The *Kyncl* court then observed that, although § 32.05(11), STATS., 1967, required the "condemnor" be made the defendant in an appeal, § 84.09(3), STATS., 1967, did not indicate which of the above entities that play a part in acquiring land is the condemnor for service purposes. The court reasoned, however, that the county was the state's agent. "It selects, compensates, and to a substantial degree, controls the county highway committee. It accepts title to the land condemned even though it must in turn convey to the state on demand of the state highway commission." *Id.* at 554–55, 155 N.W.2d at 586–87. The supreme court cited authority for the proposition that a county is a political subdivision and governmental agency of the state, created for the purpose of performing state functions locally. Finally, it noted that the award in the case before it placed title in Kenosha County. *Id.* at 555, 155 N.W.2d at 587. From this, the court concluded:

> Serving the notice of appeal upon the subdivision of the state (Kenosha county) that was designated as the new owner when the statute does not specify which municipality, commission or committee should be served as condemnor does not seem to be illogical. Nor does it seem at all probable that notice to the county would not be notice to the county highway committee or the state highway commission. Under these circumstances a condemnee should not be denied his fundamental right to have "just compensation" for his land determined in a judicial

proceeding because he has not, at his peril, selected the right involved state agency as condemnor.[9]

*Id.* The *Kyncl* court then declared that the statute is ambiguous if it is silent as to whom the condemnor is for purposes of service. *Id.* If the procedural statute is ambiguous, then it is "to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible." *Id.* at 555–56, 155 N.W.2d at 587. Upon this basis, the supreme court held that service on Kenosha County was sufficient service on the condemnor. *Id.* at 556, 155 N.W.2d at 587.

We conclude that § 32.05(9), STATS., remains ambiguous. While the statute in *Kyncl* contained the same language, the court was not called upon to consider the significance of the definition of "Person" as including "the state." The statute does not clearly provide whether service of the notice and application should be made on the state agency privy to the award or the State as an entity. Thus, under the holding in *Kyncl*, where the statute is ambiguous as to whom to serve, and the statute and circumstances can, as here, be reasonably construed to support the Cohens' inter-

---

[9] Similarly, it seems probable that the State, "the ultimate condemnor," *Kyncl*, 37 Wis. 2d at 554, 155 N.W.2d at 586, would receive notice of the appeal when the convention used for notifying it of lawsuits brought against it is employed to provide § 32.05(9), STATS., notice. While not intending to effect the rule of strict compliance with statutory service requirements, we further note, to imply that the agency designated as condemnor for transportation purposes did not effectively receive notice of the Cohens' appeal would deny the reality of the circumstance as demonstrated by the DOT's appearance in this matter.

pretation, they are entitled to a determination of their appeal on the merits.

The DOT argues that applying *Kyncl* to the present fact situation "would confuse two concepts of agency," referring to agents authorized to condemn and those to accept service of process. It is true that in the instant case the material ambiguity does not arise out of § 84.09, STATS., but from §§ 32.05(9)(a) and 32.01(1), STATS. Nonetheless, the distinction the DOT points to is not material under what we view to be the essential holding in *Kyncl*. We interpret this case to stand for the proposition that if the service statute is ambiguous and a party complies with a reasonable or strict construction thereof, that party "should not be denied his fundamental right to have 'just compensation' for his land determined . . . ." *Id.* at 555, 155 N.W.2d at 587.

In conclusion, we deem the statutory scheme regarding service of the notice and application for appeal to a condemnation commission to be ambiguous. It requires service of "persons" who were parties to the award. Section 32.01(1), STATS., includes within the definition of "[p]erson," "the state," but does not specifically refer to a particular condemnor or to state departments or agencies. This ambiguity was enhanced in this case because the "State of Wisconsin" is the government entity that appears on the award of damages. The Cohens complied with a strict and reasonable construction of § 32.05(9)(a), STATS. Service was accomplished by relying on the method applicable where no other was provided in ch. 32. Under these circumstances and the holding in *Kyncl*, we conclude that the Cohens are entitled to a determination of their appeal on the merits.

*By the Court.*—Order affirmed.