STATE of Wisconsin DEPARTMENT OF TRANSPORTATION,
Petitioner-Appellant-Petitioner,

v.

Keith J. PETERSON, Chairman, Douglas County Condemnation Commission, Respondent-Respondent,

HARBOR MALL PROPERTIES LIMITED PARTNERSHIP, Henry Cohen and Edith Cohen, Intervening-Respondents.

Supreme Court

*No. 97–2718. Oral argument March 3, 1999.—Decided June 8, 1999.*

(Also reported in 594 N.W.2d 765.)

For the petitioner-appellant-petitioner the cause was argued by *Kathleen M. Ptacek,* assistant attorney general, with whom on the briefs was *Charles R. Larsen,* assistant attorney general and *James E. Doyle,* attorney general.

For the respondent-respondent and intervening-respondents there was a brief by *Robert R. Kanuit* and *Weiby, Maki, Durst, Ledin, Bick & Lehr, S.C.; Keith J. Peterson,* all of Superior, of counsel, *Don Bye,* Duluth, MN and oral argument by *Robert R. Kanuit.*

¶ 1. ANN WALSH BRADLEY, J. The Wisconsin Department of Transportation (DOT) seeks review of a published court of appeals decision that affirmed the circuit court's denial of the DOT's petition for writ

of prohibition.[1] The DOT asserts that since the property owners incorrectly served the State of Wisconsin rather than the DOT with their notice of application for appeal, the circuit court was without authority to assign that appeal to the county condemnation commission. Because we conclude that Wis. Stat. § 32.05(9) (1995–96)[2] can reasonably be interpreted as permitting the property owner to serve the State of Wisconsin and that the circuit court had authority to assign the appeal, we affirm the court of appeals.

¶ 2. In 1994, the DOT condemned property belonging to Henry and Edith Cohen and to Harbor Mall Properties (collectively, "the Cohens") and recorded the award of damages with the Douglas County Register of Deeds. Nearly two years later the Cohens sought to challenge the amount of the damage award by initiating an appeal under Wis. Stat.

---

[1] *DOT v. Peterson*, 218 Wis. 2d 473, 581 N.W.2d 539 (Ct. App. 1998) (affirming order of Circuit Court for Douglas County, Thomas J. Gallagher, Judge).

[2] **32.05 Condemnation for sewers and transportation facilities.** . .(9) Appeal From Award By Owner Or Other Party In Interest. (a) Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award. . .by applying to the judge of the circuit court for the county wherein the property is located for assignment to a commission of county condemnation commissioners. . . . This application shall contain a description of the property condemned and the names and last-known addresses of all parties in interest but shall not disclose the amount of the jurisdictional offer nor the amount of the basic award. Violation of this prohibition shall nullify the application. Notice of the application shall be given to the clerk of the court and to all other persons other than the applicant who were parties to the award. The notice may be given by certified mail or personal service. Upon proof of the service the judge shall forthwith make assignment.

All further references to the Wisconsin Statutes are to the 1995–96 version unless otherwise indicated.

§ 32.05(9). Rather than serving the DOT directly, the Cohens served the attorney general who is the designated service agent for the State of Wisconsin. *See* Wis. Stat. § 801.11(3). Though the application for appeal was addressed to and served upon the attorney general, the Cohens named the DOT as the condemnor in the application for appeal.

¶ 3. In December of 1996 the circuit court acted on the application and assigned the appeal to Keith Peterson, the Chairman of the Douglas County Condemnation Commission. Three months later, the DOT filed a petition for supervisory writ of prohibition in the circuit court enjoining the condemnation commission from hearing the Cohens' appeal. The DOT contended that the Cohens had not properly appealed their award of damages because they failed to serve the condemnor, the DOT, as required by Wis. Stat. § 32.05(9).

¶ 4. The circuit court denied the DOT's petition, determining that Wis. Stat. § 32.05(9) could reasonably be interpreted to allow a property owner to obtain jurisdiction over the DOT by serving the attorney general. The DOT appealed and the court of appeals affirmed.

¶ 5. The court of appeals agreed that the service provisions of Wis. Stat. § 32.05(9) did not clearly indicate whether service of the notice of the appeal "should be made on the state agency privy to the award or the State as an entity." *DOT v. Peterson*, 218 Wis. 2d 473, 484, 581 N.W.2d 539 (Ct. App. 1998). As a result, citing *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 155 N.W.2d 583 (1968), the court of appeals concluded that any "reasonable or strict construction" of § 32.05(9) would suffice to appeal the DOT's award of damages. *Peterson*, 218 Wis. 2d at 484.

¶ 6. The resolution of this case depends upon the application of the statute to undisputed facts. The interpretation of statutes presents a question of law that we review independently of the legal determinations rendered by the circuit court and court of appeals. *Deutsches Land, Inc. v. City of Glendale*, 225 Wis. 2d 70, 591 N.W.2d 583 (1999).

¶ 7. We are asked to decide a discrete issue: whether Wis. Stat. § 32.05(9) can reasonably be interpreted to allow jurisdiction over the DOT to be effectuated with service on the State of Wisconsin. The issue in this case is not whether the State of Wisconsin as an entity may condemn property under chapter 32 and therefore has consented to be sued.[3] That issue involving the question of sovereign immunity was answered in the negative years ago. *Konrad v. State*, 4 Wis. 2d 532, 538–39, 91 N.W.2d 203 (1958).[4]

¶ 8. Property owners who have had their property condemned under chapter 32 may appeal from the award of damages given by the condemning entity. To do so, the property owner must follow the "complete and exclusive" procedures set forth in that chapter.

---

[3] However, the Cohens apparently raised that issue in the courts below. *See Peterson*, 218 Wis. 2d at 481 n.8.

[4] As we have often stated, the constitutional guarantee of sovereign immunity bars the State of Wisconsin as an entity from being sued unless it so consents. *Fiala v. Voight*, 93 Wis. 2d 337, 341–42, 286 N.W.2d 824 (1980); *Holytz v. City of Milwaukee*, 17 Wis. 2d 26, 40–41, 115 N.W.2d 618 (1962). *See also* Wis. Const. art. IV, § 27. Similarly, once the State consents to being sued, one may only do so "in the manner and under the procedure by which it has consented to be sued." *Konrad v. State*, 4 Wis. 2d 532, 538, 91 N.W.2d 203 (1958).

*City of Madison v. Tiedeman*, 1 Wis. 2d 136, 143, 83 N.W.2d 694 (1957).

¶ 9. Within two years after the taking occurs, the property owner must file an application for appeal in the circuit court for the county in which the property is located.[5] Wis. Stat. § 32.05(9)(a). Though the property owner applies for the appeal in the circuit court, the circuit court does not hear the appeal. Instead the circuit court, acting in its administrative capacity, assigns the appeal to that county's condemnation commission. *Schroedel Corp. v. State Highway Comm.*, 34 Wis. 2d 32, 42, 148 N.W.2d 691 (1967); Wis. Stat. § 32.05(9)(a). However, for the circuit court to have authority to assign the appeal to the county condemnation commission, a property owner must serve "all other persons other than the applicant who were parties to the award" with notice of the appeal. Wis. Stat. § 32.05(9); *State ex rel. Milwaukee County Expressway Commission v. Spenner*, 51 Wis. 2d 138, 142–43, 186 N.W.2d 298 (1971); *City of La Crosse v. Shiftar Bros.*, 162 Wis. 2d 556, 560–61, 469 N.W.2d 915 (Ct. App. 1991).

¶ 10. The service provision in Wis. Stat. § 32.05(9)(a) provides:

> Notice of the application shall be given to the clerk of the court and to *all other persons* other than the applicant who were parties to the award. The notice

[5] This general procedure is slightly modified where the condemning entity is a housing authority (Wis. Stat. § 66.40–66.404), redevelopment authority (§ 66.431), or community development authority (§ 66.4325). Wis. Stat. § 32.05(9)(a). The special procedures in those instances are not applicable to this case.

may be given by certified mail or personal service.
(emphasis added)

The term "person" is defined in chapter 32 at § 32.01:
"*the state*, a county, town, village, city, . . ." (emphasis
added).[6] The Cohens acknowledge that it is necessary
to serve the DOT, as the condemnor, with notice of the
appeal under the service provision. They argue only
that the language of chapter 32 quoted above allows
service on the DOT to be accomplished by serving the
State of Wisconsin through the attorney general.

¶ 11. The DOT contends that this court in *Kon-
rad* addressed this very issue and concluded that
chapter 32 does not permit service on a department of
the State to be accomplished by serving the State
through the attorney general. *Konrad*, 4 Wis. 2d at
537–38. While we agree with the DOT's reading of *Kon-
rad*, we note that portions of chapter 32 have since
been modified in pertinent ways making that discus-
sion in *Konrad* inapplicable to this case.[7]

¶ 12. In *Konrad*, a landowner attempted to initi-
ate an inverse condemnation under chapter 32. The

---

[6] As the initial language of Wis. Stat. § 32.01 indicates, the
enumerated definition of "person" applies "unless the context
clearly requires otherwise." Thus, for example, should a rail-
road corporation condemn property under § 32.02(3), the
context of the condemnation would "clearly require" the term
"person" be defined as something other than the terms listed in
§ 32.01.

[7] *Konrad* addressed two issues arising under chapter 32: (1)
whether serving the State of Wisconsin through the attorney
general effectuated service upon a subdivision of the State, *Kon-
rad*, 4 Wis. 2d at 537–38; and (2) whether chapter 32
empowered the State of Wisconsin, as a separate entity, to con-
demn property and therefore allowed it to be sued directly, *id.* at
538–39. We are only addressing the first issue in this case.

landowner contended that the Wisconsin Conservation Commission inversely condemned his land by constructing a dike along a river, which caused his land to flood. *Konrad*, 4 Wis. 2d at 533–34. In initiating his inverse condemnation proceeding, the landowner served a copy of the petition on the attorney general rather than on the conservation commission. The State objected, arguing that the court had no jurisdiction because the proper state defendant had not been served. *Id.*

¶ 13. At the time *Konrad* was decided, the notice provision in Wis. Stat. § 32.05 (1955–56) required that "[n]otice of [the] hearing shall be served upon *all interested* at least twenty days before said hearing . . ." (emphasis added). This court concluded that service on the attorney general on behalf of the State of Wisconsin did not satisfy § 32.05 because the commission, rather than the State of Wisconsin, was the "interested" party. *Konrad*, 4 Wis. 2d at 537–38. As a result, this court concluded that the court did not have jurisdiction over the commission and held that the chapter 32 proceeding against the commission was void. *Id.*

¶ 14. In the four decades since *Konrad* was decided, Wis. Stat. § 32.05 has changed in an important way. Instead of requiring that notice be given to "all interested" as was the case when *Konrad* was decided, the statute now requires that notice be given to "all persons"—which by definition includes "the state." We believe that this change in phraseology, though seemingly minor, reasonably permits the interpretation that service on the State of Wisconsin confers jurisdiction over one of the State's departments.[8]

---

[8] We also note that among the entities specifically enumerated as "persons" in Wis. Stat. § 32.01, no mention is made of state departments, only "the state."

¶ 15. We have already under slightly different circumstances concluded that the notice provision in Wis. Stat. § 32.05(9) is not a paragon of clarity. *Kyncl*, 37 Wis. 2d at 555–56. In *Kyncl*, a county highway committee under the orders of the state highway commission condemned property for expanded state highways under Wis. Stat. § 84.09(3) (1965–66). The relevant part of that statute allowed the county highway commission to condemn the property under chapter 32 if it could not purchase the property "expeditiously within the appraised price." *Id.*

¶ 16. The county highway commission did condemn property under chapter 32 and the landowner appealed the amount of the award of damages.[9] *Kyncl*, 37 Wis. 2d at 551–52. In the process of initiating his appeal, the landowner served the county involved in the condemnation but did not serve either the county highway committee or the state highway commission. *Id.* at 549. The county argued that service upon it was improper, contending that the county highway committee as the actual condemnor under chapter 32 was the proper entity for service. *Id.* at 553.

¶ 17. This court disagreed, noting that the statutes did not specifically articulate the identity of the condemnor. *Id.* at 554–55. Additionally, the court observed that while the county highway committee was involved in the condemnation, the county ultimately controlled the committee and had the title of the condemned property placed in its name. *Id.* The court concluded that in light of the statutory indefiniteness

---

[9] Unlike this case, the property owners in *Kyncl* exercised their right to appeal directly to the circuit court rather than having their appeal first heard by the county condemnation commission. *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 552, 155 N.W.2d 583 (1968); Wis. Stat. § 32.05(11) (1967–68).

the landowner's service on the county was a logical selection that had the legal effect of authorizing the court to hear the appeal. *Id.* at 555.

¶ 18. We think that the same rule applies in this case. Here, unlike in *Kyncl*, the Cohens were reasonably sure of the condemning authority's identity, although the award of damages document may have caused some confusion in that regard.[10] However, the Cohens' uncertainty emanates from the interpretation of Wis. Stats. § 32.05(9) and § 32.01.

¶ 19. On the one hand, the Cohens believed that the DOT was responsible for condemning their property. Service on the DOT would seem intuitively correct. *See Zinn v. State,* 112 Wis. 2d 417, 434, 334 N.W.2d 67 (1983) ("the aggrieved landowner must sue the state agency which has taken the property"). However, on the other hand the term "person" in § 32.05(9) is defined in § 32.01 as "the state" and not as any department of the state. As a result, a literal reading of

---

[10] The Cohens had been negotiating with the DOT for some time prior to the actual condemnation, so they quite reasonably concluded that the DOT was the authority that finally condemned their property. However, the award of damages document presented to the Cohens could be interpreted as casting some doubt on that conclusion.

Although the award of damages document was signed by an official of the DOT and indicated at various points that the "State of Wisconsin, Department of Transportation" was condemning the property, the document also contained numerous references to the "State of Wisconsin." For example, the document was entitled "Award of Damages, State of Wisconsin" and stated that the "State of Wisconsin has determined it necessary to acquire [the property]." The language of the award of damages document appears to exacerbate the uncertainty created by Wis. Stats. § 32.05(9) and § 32.01.

§ 32.05(9) indicates that the state, rather than any department like the DOT, should be the entity served.

¶ 20. We have long adhered to the rule that "strict compliance with procedural statutes is necessary to obtain jurisdiction to review administrative agency decisions." *Trojan v. Board of Regents*, 104 Wis. 2d 277, 283, 311 N.W.2d 586 (1981); *see also 519 Corp. v. DOT*, 92 Wis. 2d 276, 286–88, 284 N.W.2d 643 (1979); *Brachtl v. Department of Revenue*, 48 Wis. 2d 184, 187, 179 N.W.2d 921 (1970). However, a "companion rule is that the statutes must clearly set forth the procedural requirements" necessary to pursue such review. *Trojan*, 104 Wis. 2d at 284; *see also Brachtl*, 48 Wis. 2d at 186–87 (concluding that the statute was unambiguous).

¶ 21. As we have previously said, where a procedural statute lacks "specific direction" clearly indicating who is to be served with notice, "an ambiguity exists." *Kyncl*, 37 Wis. 2d at 555; *Trojan*, 104 Wis. 2d at 283. Additionally, where an ambiguity exists "[p]rocedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible." *Kyncl*, 37 Wis. 2d at 555–56; *State v. Rosen*, 72 Wis. 2d 200, 204–05, 240 N.W.2d 168 (1976).

¶ 22. The upshot of these maxims is that where a procedural statute does not provide specific direction for compliance, the ambiguity is to be resolved in favor of the person appealing the condemning entity's award of damages. *Kyncl*, 37 Wis. 2d at 555–56. We are satisfied that in this instance Wis. Stat. § 32.05(9) lacks specific direction, resulting in an ambiguity. Faced with this ambiguity, the Cohens' action of naming the DOT as the condemnor but serving the State of Wiscon-

sin was a reasonable and logical course of action under the circumstances.[11] *See id.* at 555; *see also Sunnyview Village, Inc. v. DOA,* 104 Wis. 2d 396, 411–12, 311 N.W.2d 632 (1981). "To cut off [the Cohens'] right to a review of the [DOT's] decision when [they] complied with the literal language of the service requirement in [Wis. Stat. § 32.05(9)] would be extraordinarily harsh." *Trojan,* 104 Wis. 2d at 284. We decline to do so.

¶ 23. The legislature can, of course, amend Wis. Stat. § 32.05(9) to clarify the procedures a property owner must follow when applying for an appeal of an award of damages. Even without legislative action, a condemning entity can take steps to eliminate any confusion. It is a better practice to have the notification of an agency's decision accompanied by an explanation of the procedures that must be followed in order to appeal that decision. *See, e.g., Weisensel v. DHSS,* 179 Wis. 2d 637, 645 n.4, 508 N.W.2d 33 (Ct. App. 1993) (quoting notice from Department of Health and Social Services' final order); *Gomez v. LIRC,* 153 Wis. 2d 686, 695, 451 N.W.2d 475 (Ct. App. 1989) (Sundby, J., concurring). Such notice provided by a condemning entity would

---

[11] We recognize that the we have on a prior occasion concluded that service on the State of Wisconsin cannot confer jurisdiction over an unknown, unnamed state employee. *Miller v. Smith,* 100 Wis. 2d 609, 620, 302 N.W.2d 468 (1981). That rule retains its vitality but must be distinguished in this case. *Miller* was a decision that interpreted Wis. Stat. § 801.11 rather than § 32.05(9). Since it is the language of § 32.05(9), as defined by § 32.01, that created the Cohens' reasonable confusion, the general rule enunciated in *Miller* is not applicable. *Cf. Weisensel v. DHSS,* 179 Wis. 2d 637, 644–45, 508 N.W.2d 33 (Ct. App. 1993) (statute requiring service on "the agency or one of its officials" would not allow service to be accomplished by serving agency's legal counsel).

remove any confusion that might exist in perfecting a Wis. Stat. § 32.05(9) application for appeal of an award of damages.

¶ 24. This is not the first time this court has offered such a suggestion in connection with an appeal of an agency decision. *Sunnyview Village*, 104 Wis. 2d at 412–13; *Wisconsin's Environmental Decade, Inc. v. PSC*, 84 Wis. 2d 504, 534, 267 N.W.2d 609 (1978). In interpreting a different chapter's notice requirement, we said in *Sunnyview Village*, 104 Wis. 2d at 412:

> We acknowledge. . .that it is important that citizens not be defeated in their redress of grievances by the maze of governmental entities. A person aggrieved by an administrative decision should not have to guess which governmental entity to name and serve as the respondent in proceedings for judicial review.

Apparently, the DOT has not taken our advice to heart. Had it done so, perhaps the present issue would not have arisen and this case would not have appeared before this court. In any event, we strongly encourage a condemning entity to include with its award of damages a notification of the process a property owner must undertake for appeal.

¶ 25. In sum, we determine that Wis. Stat. § 32.05(9) is ambiguous and can reasonably be interpreted as permitting a property owner to serve the State of Wisconsin rather than the DOT. As a result, when the Cohens served the attorney general with notice of their application for appeal, the circuit court had authority to assign the appeal to the county condemnation commission and properly denied the DOT's writ of prohibition. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.