Jeffrey J. WEBER and JEVIC Enterprises, Inc., Petitioners-Appellants,

v.

DODGE COUNTY PLANNING AND DEVELOPMENT DEPARTMENT, Respondent-Respondent.

Court of Appeals

*No. 99–1116. Submitted on briefs July 22, 1999.—Decided October 21, 1999.*

(Also reported in 604 N.W.2d 297.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Joan R. Beck* and *Linda Davis Friedland* of *Beck Law Office* of Hartford.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Joseph Ruf, III,* assistant corporation counsel for Dodge County, of Juneau.

Before Eich, Vergeront and Roggensack, JJ.

¶ 1. EICH, J. Jeffrey J. Weber and JEVIC Enterprises, Inc. ("Weber"), appeal from an order dismissing their petition for certiorari review of an action of the Dodge County Planning and Development Committee. The circuit court ruled that it lacked subject matter jurisdiction because the writ was misdirected to the county's Planning and Development Department, rather than to the actual deciding agency, the Planning and Development Committee. We conclude that, under the applicable statutes and case law—and under the particular circumstances of the case—Weber could reasonably have believed that his petition was properly directed to the Department, either on its own or as the agent of the Committee. We therefore reverse the order and remand to permit Weber's action to proceed in circuit court.

¶ 2. The decision Weber sought to review was the Committee's denial of his application for approval of a final subdivision plat. Under §§ 62.23(7)(e)10 and 236.13(5), STATS., any person aggrieved by the failure to approve a plat may appeal, *via* certiorari, from the decision of the "approving authority." Weber's certiorari petition, however, named the Dodge County Planning and Development *Department* as the respon-

223

dent, and it was served on the Department, not the Committee.

¶ 3. The circuit court concluded that it lacked jurisdiction to entertain the petition because it had not been served on the deciding agency, and dismissed the petition. In so ruling, the court relied on a 1907 case, *State ex rel. Kulike v. Town Clerk*, 132 Wis. 103, 111 N.W. 1129 (1907), where the supreme court stated:

> Except where specially provided by statute . . . the writ of certiorari cannot properly run to a mere ministerial officer simply because he is the custodian of the records, but must go to the board or body whose acts are sought to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or of the persons composing such board or body.

*Id.* at 105, 111 N.W. at 1130.

¶ 4. Weber, emphasizing the "except where specially provided by statute" clause in the quoted excerpt, argues that the following statement in § 236.13(5), STATS., constitutes an exception to the *Kulike* rule: "Where the failure to approve is based on an unsatisfied objection, the agency making the objection shall be made a party to the action." He says the phrase "agency making the objection" is ambiguous and confusing, and would, on the facts of this case, lead him to reasonably believe that the "agency making the objection" was the Department, and not the Committee, and thus service on the Department was proper.

¶ 5. We disagree. First, Weber doesn't indicate how or where the Department objected to approval of his plat. Indeed, a copy of the Department's "Staff Report" to the Committee regarding Weber's application contains an "Advisory" recommending approval of the plat with certain conditions. Second, even if the

224

Department could be considered to be an objector, that doesn't resolve the problem of service on the deciding agency. The question is whether service on the Department may be considered compliance with *Kulike* under the applicable law and the facts of this case. And while we are not persuaded by Weber's precise argument based on *Kulike* and § 236.13(5), STATS., we see merit in his position that, under all of the circumstances—and in light of several recent cases to which he has referred us—the misdirection of his petition should not deprive him of the right to review of the Committee's decision.

¶ 6. Weber begins by pointing out that all of his inquiries to the county regarding the plat and his approval application were directed to the Department, and that all correspondence from the county to him on the subject was not from the Committee, but from the Department, on its own letterhead. Indeed, the final order denying his application was on the Department's letterhead and was sent to Weber by the Department, along with a notice that he had the right to seek review of the order in circuit court. Finally, while the Committee is a functioning body—a standing committee of the Dodge County Board of Supervisors—it doesn't have an office, a staff (other than employees of the Department and/or other county employees) or any real, tangible identity apart from its relationship to the board.[1]

¶ 7. Among the cases cited by Weber is *Kyncl v. Kenosha County*, 37 Wis. 2d 547, 155 N.W.2d 583 (1968), a condemnation case where the applicable statute, § 32.05(11), STATS., required that the "condemnor"

---

[1] All the Department offered in its brief regarding the existence and identity of the Committee is that the zoning ordinance and the names and home addresses of Committee members are considered to be public information that would be "available upon request."

be made a defendant to any appeal to the circuit court. The appellants' notice of appeal named only Kenosha County, rather than the county highway committee and the state highway commission, the actual condemning entities, and the trial court dismissed the appeal on that basis. The supreme court reversed, stating that because "[p]rocedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy," if the applicable statute does not contain a "specific direction" as to the agency to be served by one challenging a condemnation, it must be considered ambiguous—and the appellants' misdirected service ignored. *Id.* at 555–56, 155 N.W.2d at 587.

¶ 8. The issue was revisited in a more recent case, *DOT v. Peterson*, 218 Wis. 2d 473, 581 N.W.2d 539 (Ct. App. 1998), another condemnation appeal which was dismissed because the appeal papers were served on the attorney general, rather than the actual condemnor (the Department of Transportation). Citing *Kyncl*, we said in *Peterson* that where the statute was ambiguous—that is, under *Kyncl*, where it does not specifically direct service on a particular agency—and where "the statute and circumstances can . . . be reasonably construed to support the [appellants'] interpretation, they are entitled to determination of their appeal on the merits."[2] The supreme court

_____

[2] The applicable statute in *DOT v. Peterson*, 218 Wis. 2d 473, 581 N.W.2d 539 (Ct. App. 1998), § 32.05(9)(a), STATS., requires notice of the application to be given to "all . . . persons" who were parties to the award, and "person" is defined to include "the state, county, town, village [or] city . . . ." Section 32.01, STATS. The appellants in *Peterson* argued that the statute was ambiguous at best and that because it did not specifically include state agencies or departments in the definition of "per-

affirmed *Peterson* in *DOT v. Peterson*, No. 97–2718 (S. Ct. June 8, 1999).[3]

¶ 9. We think the same rule should apply where an ambiguity in service requirements is created through the interaction of the applicable statutes,[4]

son," it should be liberally interpreted to allow service on the Department to be accomplished by serving "the state" through the attorney general. The circuit court said that was a reasonable interpretation of the statute and we agreed.

We also said in *Peterson* that "th[e] ambiguity was enhanced in this case because the 'State of Wisconsin' is the government entity that appears on the award of damages." *Id.* at 485, 581 N.W.2d at 543. In this case, as we have indicated above, all correspondence from the Committee to Weber, together with the final order itself, came to Weber from the Department.

[3] In *Peterson II*, the supreme court repeated the *Kyncl* rule advocating a liberal construction of applicable statutes so as to permit a determination on the merits of the petitioner's appeal, and went on to state:

> [I]t is important that citizens not be defeated in their redress of grievances by the maze of governmental entities. A person aggrieved by an administrative decision should not have to guess which governmental entity to name and serve as the respondent in proceedings for judicial review.

*DOT v. Peterson*, No 97–2718, slip op. at 12 (S. Ct. June 8, 1999) (quoting from *Sunnyview Village, Inc. v. DOA*, 104 Wis. 2d 396, 412, 311 N.W.2d 632, 639 (1981)). *See also McDonough v. State Dep't of Workforce Dev.*, No. 97–3711-FT, slip op. (S. Ct. June 30, 1999) (restating rule that with ambiguous statutes—whether the ambiguity is created by the language of the statute itself or by the interaction of two or more statutes—the dispute is to be resolved in favor of the person seeking to appeal the agency's determination).

[4] As indicated above, the statutes providing for appeals from plat approvals or rejections, §§ 62.23(7)(e)10 and

case law and the specific circumstances of the case—as here, with the pervasive use of the Department's personnel and stationery in the conduct of the Committee's business *vis-à-vis* Weber's petition, and the absence of any ascertainable independent identity on the part of the Committee (at least insofar as Weber was concerned). In these circumstances, we think Weber could reasonably believe that his appeal of the decision was properly prosecuted against the Department, whether on its own behalf or as the Committee's agent.

*By the Court.*—Order reversed.

236.13(5), STATS., while indicating that the appeal is to be taken from the decision of the "approving authority," do not expressly state to whom the appeal papers should be directed.