STATE EX REL. MILWAUKEE COUNTY EXPRESSWAY COMMISSION, Respondent, v. SPENNER and others, Defendants: BILL'S SPECIALTY MANUFACTURING COMPANY and others, Appellants.

*No. 112. Argued March 31, 1971.—Decided May 7, 1971.*
(Also reported in 186 N. W. 2d 298.)

For the appellants there was a brief by *Snyder, Fisher, Lee & Lilly,* attorneys, and *Richard Y. Fisher* of counsel, all of Milwaukee, and oral argument by *Richard Y. Fisher.*

For the respondent there was a brief by *Robert P. Russell,* corporation counsel for Milwaukee county, and *James J. O'Donnell,* deputy corporation counsel, and oral argument by *Mr. O'Donnell.*

HALLOWS, C. J. Under sec. 59.965, Stats., relating to the condemnation of land for expressways, the Milwaukee County Expressway Commission (now called Milwaukee County Expressway and Transportation Commission), the respondent, condemned land owned in Milwaukee by Bill's Specialty Manufacturing Company (Bill's Specialty), the appellant, and on December 23, 1965, made an award of compensation for the taking. The award was made for the benefit of the appellant; American City Bank & Trust Company, a mortgagee; Paul L. Maskowitz, a mortgagee, and the Milwaukee Water Works, a possible lienholder. The award was paid into the office of the clerk of the circuit court for Milwaukee county pursuant to sec. 32.05. On February 1, 1966, an application was made for an order disbursing the amount of the award and such an order was made by the court.

The appellant was dissatisfied with the amount of the award and at this point it had a choice of two courses of action to review the award. Under sec. 32.05 (9) (a), Stats.,[1] it could appeal the award within two years after the date of the taking by applying to a judge of the circuit court or county court of Milwaukee county for an "assignment to a commission of county condemnation commissioners as provided in s. 32.08." Under this procedure the commission holds a hearing and makes its

---

[1] "32.05 Condemnation for streets, highways, . . . and mass transit facilities. . . .

"(9) APPEAL FROM AWARD BY OWNER OR OTHER PARTY IN INTEREST. (a) Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award . . by applying to the judge of the circuit court or county court of the county wherein the property is located for assignment to a commission of county condemnation commissioners as provided in s. 32.08. . . Notice of such application shall be given to the clerk of the court and to all other persons other than the applicant who were parties to the award. . . Upon proof of such service the judge shall forthwith make such assignment."

award. If a condemnee is dissatisfied he can within sixty days from the date of filing of the commission's award appeal to the circuit court under sec. 32.05 (10). The other course of action is the appeal procedure provided by sec. 32.05 (11). Under this section the hearing before the commission may be waived and an appeal had directly to the circuit court. This the owner of any interest in the land may do within two years after the date of the taking.

On June 20, 1967, within two years of the taking of December 23, 1965, Bill's Specialty chose the former method of appeal and filed an application in the circuit court for Milwaukee county for an assignment of a commission of county condemnation commissioners. Prior to filing this application, notice thereof was served on the clerk of the circuit court for Milwaukee county, the American City Bank & Trust Company, Paul L. Maskowitz, and the Milwaukee Water Works; no service was made on the condemnor Milwaukee County Expressway Commission (Expressway Commission) or upon the state highway commission who had made the relocation order.

As we pointed out in *Schroedel Corp. v. State Highway Comm.* (1967), 34 Wis. 2d 32, 148 N. W. 2d 691, Milwaukee county's procedure of handling these applications is not in strict conformity with the statute. Apparently as a result of the practice of filing such application as a court matter and assigning it to a judge a delay of some seven months resulted. On March 7, 1968, more than two years after the award, Judge MAX RASKIN of the circuit court for Milwaukee county made the assignment under sec. 32.05 (9), Stats., by ordering the chairman of the condemnation commission of Milwaukee county to select three commissioners of the Milwaukee county condemnation commission to serve as a commission to ascertain the compensation to be made for the December 23, 1965, taking of the property. Pursuant to the order

the chairman appointed a panel of commissioners and set the hearing for April 5, 1968.

Judge RASKIN'S order was served upon the Expressway Commission on or about March 11, 1968. The Expressway Commission then sought and received an alternative writ of prohibition from the circuit court presided over by Judge ELMER W. ROLLER. After a hearing and delay of almost two years, which the record does not explain, the court on February 27, 1970, ordered the writ of prohibition made absolute on the ground the application for the assignment was defective and Judge RASKIN had no power to make the assignment.

Bill's Specialty argues that Judge ROLLER did not have jurisdiction to entertain the petition for the writ or to issue the order because his branch of the circuit court had only concurrent jurisdiction with the branch of the circuit court presided over by Judge RASKIN who made the assignment. The appellant relies on the principle that when two actions between the same parties on the same subject to test the same rights are pending in different courts having concurrent jurisdiction, the court which first acquired jurisdiction should be allowed to retain its jurisdiction to dispose of the whole controversy if its power is adequate to administer complete justice. *Syver v. Hahn* (1959), 6 Wis. 2d 154, 159, 160, 94 N. W. 2d 161; 21 C. J. S., *Courts,* p. 745, sec. 492; 20 Am. Jur. 2d, *Courts,* p. 481, sec. 128. This rule is not one of jurisdiction, as argued by the appellant, but has the reason for its existence in public policy and in the necessity of having a rule which will avoid conflicts and chaos in the work of independent courts and which will promote the orderly administration of laws.

However, Circuit Judge RASKIN in making the assignment to a commission of county condemnation commissioners was not acting as a court or in his judicial capacity as a judge. The assignment procedure pursuant

to sec. 32.05 (9), Stats., is an *ex parte* administrative proceeding and not a judicial proceeding, at least up to the point of the entry of an award by the commission. While condemnation procedure is still confusing to many lawyers and judges, the nature of this segment of the procedure has been settled for some years. *Acheson v. Winnebago County Highway Comm.* (1961), 14 Wis. 2d 475, 478, 111 N. W. 2d 446; *Schroedel Corp. v. State Highway Comm., supra,* at 37; and *Barrows v. Kenosha County* (1957), 275 Wis. 124, 125, 81 N. W. 2d 519. Consequently, neither comity nor lack of power prevented the court presided over by Judge ROLLER from entertaining the petition for the writ of prohibition and deciding the issue.

An appeal from a condemnation award under sec. 32.05 (9), Stats., requires that the notice of the application for an assignment to a commission shall be given to the clerk of the courts and to all other persons other than the applicant who were parties to the award and upon proof of such service the judge shall forthwith make the assignment. The condemnor is both a party to the award and an interested party within the meaning of sec. 32.05 (9) and therefore must be served a notice of the application. *Kyncl v. Kenosha County* (1968), 37 Wis. 2d 547, 553, 155 N. W. 2d 583. Unless such notice is given either by certified mail or personal service, the judge is not empowered to make such an assignment. It is only upon proof of the required service of the notice of the application that a judge can perform the administrative act.

Here, the Expressway Commission was not served, but it is argued by the appellant that service on the clerk of the circuit court satisfied that requirement. It is true in the *Kyncl Case* this court held that service on a county clerk was sufficient service on the state highway commission and the county highway commission. The

decision was put on the grounds the statute was ambiguous; the county highway commission was the condemnor upon direction of the state highway commission; the county was an agent of the state which could be served by service upon the county clerk (*see* sec. 59.17 (9), Stats.) ; and the title to the property condemned vested in the county for the benefit of the state. But in the instant case, whatever might be said for requiring service of the notice on the clerk of courts, this court cannot create an agency between the clerk of courts in Milwaukee county and the Expressway Commission. The clerk of courts is neither an agent of the commission nor of the county and requiring service on him does not necessarily imply he is a party to the award as agent for the condemnor.

In its final argument, the appellant urges that sec. 32.05 (9) (a), Stats., does not require service of notice on the condemnor or on anyone else within the two-year period from the time of taking in order to perfect the appeal. It is claimed all that is required is that the application be made to the judge within that period. However, the appellant did not follow this claim because he did serve the notice within the two-year period on everyone except the condemnor. We think the section contemplates the appeal shall be instituted within the two years and filing an application with a judge without serving it on anyone does not initiate an appeal. It would be unreasonable to hold that filing must be within two years but service of the notice of application has no time limit. The administrative act of making the assignment to a commission under sec. 32.05 (9) (a) can only be performed after proof of the service of the application on the proper parties and then must be done "forthwith." To attain any finality and give meaning to a two-year-limitation period, both the act of applying and the service of notice of such application

should be made within the two-year period. The appellant's reliance on the federal procedure for serving notice after a limitation period has expired is not persuasive especially when applied to the construction of a state law which has not been derived from or based upon federal law.

While sec. 32.05 (9) (a), Stats., might have been more clearly drafted, we think the intent of the legislature is sufficiently expressed and shows the notice of the application and the giving thereof by certified mail or personal service must both be done within two years after the date of taking. It follows that Judge RASKIN was without the administrative power to make an assignment to the commission because the application to him did not comply with sec. 32.05.

*By the Court.*—Order affirmed.