IN the MATTER OF the ACQUISITION OF the REAL PROPERTY OF SHIFTAR BROS., INC., FOR GILLETTE STREET BY the CITY OF LA CROSSE, MUNICIPAL CORPORATION OF the STATE OF WISCONSIN: CITY OF LA CROSSE, Appellant,†

v.

SHIFTAR BROS., INC., Respondent.

Court of Appeals

*No. 90-2046. Submitted on briefs April 9, 1991.—Decided April 23, 1991.*

(Also reported in 469 N.W.2d 915.)

† Petition to review denied.

On behalf of appellant, the cause was submitted on the briefs of *John K. Flanagan* and *John P. Stuber* of *Sauer, Becker, Flanagan & Lynch, Ltd.* of La Crosse.

On behalf of respondent, the cause was submitted on the brief of *William P. Skemp* and *Ann I. Brandau* of *Hale, Skemp, Hanson & Skemp* of La Crosse.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The city of La Crosse appeals an order denying its motions to dismiss the appeal of a condemnation award and to vacate the assignment of that appeal to the La Crosse County Condemnation Commission. The city contends that the court lacked authority to assign the appeal to the condemnation commission because Shiftar Bros., Inc., failed to timely serve notice of its appeal. The city also argues that serving notice on the city attorney was inadequate because the city attorney was unauthorized to accept service on the city's behalf. Because service of the notice of application was timely under ch. 801, Stats., and because special circumstances existed to permit Shiftar to serve the notice of application on the city attorney, we affirm the order.

The city of La Crosse condemned two parcels of land owned by Shiftar, the larger parcel being taken on March 1, 1988, and the smaller parcel on March 15, 1988. These takings generated a variety of litigation, including an application for a writ of assistance against Shiftar requiring that it relocate a tire pile located on the condemned property and several petitions for payment of a share of the condemnation award. These petitions were designated case number 88-CV-363, and the city attorney filed a "Notice of Appearance" in these matters, which was designated with the same case number. This is also the case number of the proceedings now being reviewed.

On February 21, 1990, Shiftar applied to the circuit court judge for assignment of its appeal to the condemnation commission. These pleadings were captioned

"Notice of Application and Application for Assignment to the Chairperson of the La Crosse County Condemnation Commissioners," and designated case number 88-CV-363. Shiftar served notice of its appeal on the city by personal service on the city attorney on March 27, 1990, more than two years after the taking.

The city contends that the notice of application must be served in accordance with sec. 32.05(9)(a), Stats., which provides:

> Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award, except as limited by this subsection by applying to the judge of the circuit court for the county wherein the property is located for assignment to a commission of the county condemnation commissioners as provided in s. 32.08, . . .. This application shall contain a description of the property condemned and the names and last-known addresses of all parties in interest but shall not disclose the amount of the jurisdictional offer nor the amount of the basic award. Violation of this prohibition shall nullify the application. Notice of the application shall be given to the clerk of the court and to all other persons other than the applicant who were parties to the award. The notice may be given by certified mail or personal service. Upon proof of the service, the judge shall forthwith make assignment.

The city argues that this statute requires a party to both file and serve notice of its appeal within two years of the date of taking. Shiftar contends that, while it must file its appeal within two years, sec. 801.02, Stats., provides sixty days after filing to complete service of notice.

██

Resolution of this dispute requires the application of statutes to a set of facts. This presents a question of

law that we review without deference to the trial court's decision. *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■ The procedures set forth in chs. 801 to 847, Stats., control all civil actions and special proceedings "except where different procedure is prescribed by statute or rule." Section 801.01(2), Stats. Section 32.05(9)(a), Stats., requires appeal of a condemnation award within two years after the date of taking and requires service of notice on the clerk of courts and the other parties but is silent regarding the time for serving notice of the appeal. Because sec. 32.05(9)(a) does not designate the time for service, we look to chs. 801 to 847 to determine the time limit for serving notice on the other parties. Section 801.02(1), Stats., provides:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

Because no provision in sec. 32.05(9)(a) contradicts the timing provisions specified by sec. 801.02(1), the latter section controls the time restrictions on service in this case. Section 801.02(1) requires service on the interested parties within sixty days of the date of filing. Because Shiftar served the city within sixty days after filing its appeal, the service on the city was timely under sec. 801.02(1).

The city argues that *State ex rel. Milwaukee County Expressway Comm'n v. Spenner,* 51 Wis. 2d 138, 186 N.W.2d 298 (1971), dictates a different result. In that

case, the court interpreted sec. 32.05(9)(a), Stats., to require both the filing and the service of the notice of application within the two-year period. *Spenner,* 51 Wis. 2d at 144–45, 186 N.W.2d at 302. The court reasoned that "[i]t would be unreasonable to hold that filing must be within two years but service of the notice of application has no time limit." *Id.*

However, the court decided *Spenner* before the creation of ch. 801, Stats. At that time, an action was commenced by the service of a summons, sec. 262.02, Stats. (1967), and the action was filed shortly after service. *Fehrenbach v. Fehrenbach,* 42 Wis. 2d 410, 412–13, 167 N.W.2d 218, 219 (1969); sec. 262.13(1)(a), Stats. (1967). Because service preceded filing, the analysis in *Spenner* was consistent with the then existing procedural rules. The enactment of sec. 801.02(1), Stats., however, changed these procedural rules by providing that an action commences when the summons and complaint are filed with the court, provided service is made within sixty days after filing. Because sec. 801.02(1) provides a time limit for service on the other parties after filing, the court's statutory interpretation in *Spenner* no longer applies.

The city next argues that Shiftar's service on the city attorney was inadequate service on the city. While the general rule is that an attorney is not authorized to accept service on behalf of a client, an exception is made when special circumstances exist. *Gangler v. Wisconsin Electric Power Co.,* 110 Wis. 2d 649, 658, 329 N.W.2d 186, 190 (1983). The city contends that no such special circumstances exist in this case. Because this issue requires the application of a legal principle to uncontested facts, we review the issue without deference to the

trial court's determination. *Ball,* 117 Wis. 2d at 537, 345 N.W.2d at 394.

The city attorney appeared in a variety of matters related to this condemnation. Several motions were brought under case number 88–CV–363, the same case number as that of this case. The city attorney also filed a notice of retainer in case number 88–CV–363 that provided as follows:

> PLEASE TAKE NOTICE that the City of La Crosse in the above matter hereby appears by Patrick J. Houlihan, City Attorney, and all future petitions and papers should be forwarded to the undersigned.

While service on counsel will not be lightly implied, the city attorney's various appearances in these condemnation proceedings, together with his filing a demand in the same case caption and number that all future papers be served upon him is a special circumstance justifying service of the notice of application on the city attorney.

The city argues that the rule authorizing service on the city attorney only applies when the attorney takes affirmative action in creating the impression that service may be made on him or by voluntarily accepting service so made. The city argues that the city attorney took no such affirmative action. We do not agree. The city attorney filed a notice of retainer demanding that future service be made on him. Such a demand is sufficient to reasonably induce the belief that service of the application is to be made on counsel rather than on counsel's client.

*By the Court.*—Order affirmed.