Sandra M. SCHRADER, Plaintiff-Appellant,

v.

WISCONSIN PUBLIC SERVICE CORPORATION, a
domestic corporation, Defendant-Respondent.

Court of Appeals

*No. 90–2682–FT. Submitted on briefs April 8, 1991.—Decided
April 30, 1991.*

(Also reported in 469 N.W.2d 660.)

618

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James O. Ebbeson* of Sturgeon Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Trevor J. Will* and *James M. Caragher* of Milwaukee and *Robert W. Schaefer,* of counsel, of *Trowbridge, Planert & Schaefer, S.C.,* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Sandra M. Schrader, a landowner whose property was condemned pursuant to ch. 32, Stats., for a power line easement, appeals an order dismissing her appeal of the award to the circuit court.[1] The court ruled that Schrader failed to give notice of her appeal to the condemnor, Wisconsin Public Service Corporation, within the time provided in sec. 32.06(10):

> Within 60 days after the date of filing of the commission's award either condemnor or owner may appeal to the circuit court by giving notice of appeal to the opposite party and to the clerk of the circuit court
> . . ..

Schrader argues that service of notice is governed by sec. 801.02(1), Stats., providing that service in civil actions (including special proceedings) may be made within sixty days after filing the action or special proceeding. Because sec. 801.02(1) does not apply where a different specific provision of notice is applicable, sec. 32.06(10), Stats., prevails and the service of notice more than sixty days after the award was filed is too late. We therefore affirm the dismissal.

---

[1] This is an expedited appeal under Rule 809.17, Stats.

619

The commission filed the condemnation award on January 5, 1990. Schrader filed her notice of appeal with the clerk of court on February 26 but did not serve the condemnor, WPS, until March 8, more than sixty days after the award was filed. The court granted WPS' motion to dismiss for failing to comply with sec. 32.06(10), Stats.

Application of a statute to a particular set of facts is a question of law that this court answers independently of the circuit court. *Martin v. Tower Ins. Co.,* 119 Wis. 2d 48, 50, 349 N.W.2d 90, 91 (Ct. App. 1984). Where a statute's plain language is clear and unambiguous, this court will apply it as written. *Woodmansee v. Woodmansee,* 151 Wis. 2d 242, 245, 444 N.W.2d 393, 394 (Ct. App. 1989).

The provisions of both secs. 801.01 and 32.06(10), Stats., are clear and unambiguous. The general service provisions of ch. 801 apply only if there is not a special procedure in existence:

> Scope. Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings . . . except where different procedure is prescribed by statute or rule.

Section 801.01(2), Stats.

Section 32.06(10) prescribes a different procedure for condemnation appeals and Schrader failed to comply.

Contrary to Schrader's contention, *Gangler v. WEPCO,* 110 Wis. 2d 649, 329 N.W.2d 186 (1983), does not suggest otherwise. In *Gangler,* the sixty-day period for a similar condemnation appeal expired on a Saturday. The notices were filed and served on the following Monday. The court ruled that service was timely because sec. 801.15(1), Stats., provides that if the last day for

620

computing time falls on a Saturday, Sunday or holiday, that day is excluded from the computation. *Gangler,* 110 Wis. 2d at 654, 329 N.W.2d at 188. Schrader argues that *Gangler* demonstrates that ch. 801 and not ch. 32, Stats., controls computation of time in condemnation appeals. Her argument is in error. *Gangler* expressly states that sec. 801.15(1) applies because ch. 32 "does not evidence a contrary policy." *Gangler,* 110 Wis. 2d at 656, 329 N.W.2d at 189. In contrast to the issue in *Gangler,* sec. 32.06(10) does evidence a contrary policy for the service of notice of appeal.

Similarly, a recent decision of this court, *City of La Crosse v. Shiftar Bros.,* 162 Wis. 2d 556, 469 N.W.2d 915 (Ct. App. 1991), is in accord. In *Shiftar,* this court applied sec. 801.02(1), Stats., to the service of notice of an application to the circuit judge for assignment of an appeal from the award of the condemnor to the condemnation commission. As was the case in *Gangler,* sec. 801.02(1) applies only because the provisions at issue in ch. 32, Stats., were not in conflict. *Shiftar,* 162 Wis. 2d at 560, 469 N.W.2d at 916–17.

■

Because sec. 32.06(10), Stats., provides a special time frame for filing an appeal the provisions of sec. 801.02(1), Stats., are inapplicable.

*By the Court.*—Order affirmed.