DAIRYLAND FUELS, INC., Petitioner-Respondent,

v.

STATE of Wisconsin, Respondent-Appellant.

Court of Appeals

*No. 99–1296. Submitted on briefs February 24, 2000.—Decided May 17, 2000.*

2000 WI App 129

(Also reported in 614 N.W.2d 829.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Robert W. Larsen*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James W. Hammes* and *Jane M. Rolling* of *Cramer, Multhauf & Hammes, LLP* of Waukesha.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. SNYDER, J. The State appeals from a circuit court order denying its motion to dismiss Dairyland Fuels, Inc.'s appeal of an award of the Washington County Condemnation Commission (the

Commission).[1] The State argues that the circuit court does not have jurisdiction to hear Dairyland's appeal because it failed to timely file its appeal as required by WIS. STAT. § 32.05(10)(a). The State also contends that jurisdiction was lacking because Dairyland did not serve notice of appeal on the Department of Transportation (DOT) but instead served the attorney general.

¶ 2. On the first ground, we conclude that WIS. STAT. § 32.05(10)(a) must be read in conjunction with WIS. STAT. § 32.08(6)(b), requiring the clerk of the circuit court to mail a copy of the condemnation commission's award to each party in interest. Because the Commission's award was not mailed to Dairyland until sixty-six days after the Commission issued its award, the sixty-day deadline for filing an appeal in § 32.05(10)(a) was extended by the length of the delay of the mailing. Accordingly, Dairyland's appeal was timely filed. On the second issue, we adhere to the supreme court's recent holding in *DOT v. Peterson*, 226 Wis. 2d 623, 594 N.W.2d 765 (1999), that service on the attorney general is permissible in an action appealing a condemnation award where the DOT is the condemnor under WIS. STAT. ch. 32. We also find compelling the attorney general's express instructions that it should receive service on behalf of the DOT. For these reasons, we affirm the circuit court's decision.

## BACKGROUND

¶ 3. The procedural history underlying this case is undisputed. On October 12, 1998, the Commission

---

[1] On June 15, 1999, we granted leave to appeal the circuit court's order pursuant to WIS. STAT. § 808.03(2) (1997–98) in order to clarify an issue of general importance to the administration of justice. All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

received evidence and heard testimony from the DOT and Dairyland regarding the condemnation of easement rights on Dairyland's property. On October 31, 1998, the Commission issued its condemnation award. The Washington County Clerk of Courts, however, did not mail a copy of the award to the parties until January 5, 1999.

¶ 4. On January 8, 1999, Dairyland filed its notice of appeal. A copy of the notice of appeal was mailed to Assistant Attorney General Kathleen M. Ptacek, who appeared on behalf of the State and the DOT at the October 12, 1998 hearing. Dairyland, however, did not mail a copy of its notice directly to the DOT. The State then sought dismissal of Dairyland's appeal.

¶ 5. The circuit court denied the State's motion to dismiss, holding that the circuit court clerk's failure to mail the Commission's award to the parties until after the appeal deadline had lapsed should not preclude Dairyland from exercising its due process right to appeal. The court also found that service of notice of appeal on the attorney general was sufficient to invoke jurisdiction because Ptacek had indicated that she represented the DOT in this case. The State appeals.

## DISCUSSION

¶ 6. This case involves the interpretation and application of procedural statutes to uncontested facts. This is a question of law that we review independently of the circuit court's determination. *See DOT v. Peterson*, 218 Wis. 2d 473, 475, 581 N.W.2d 539 (Ct. App. 1998), *aff'd*, 226 Wis. 2d 623, 594 N.W.2d 765 (1999). Despite our de novo standard of review, however, we may benefit from the circuit court's analysis. *See*

*Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475, 507 N.W.2d 163 (Ct. App. 1993).

■

¶ 7. In interpreting the law on condemnation award appeals, we note that our goal is to ascertain and give effect to the intent of the legislature. *See State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997). To do so, we first consider the language of the statute. Statutes should not be read in a vacuum but must be read together in order to best determine their plain and clear meaning. *See J.L.W. v. Waukesha County*, 143 Wis. 2d 126, 130, 420 N.W.2d 398 (Ct. App. 1988). If the language of the statute as a whole clearly and unambiguously sets forth the legislative intent, we apply that to the case at hand and do not look beyond the statutory language to ascertain its meaning. *See Setagord*, 211 Wis. 2d at 406. Statutes which appear in the same chapter and assist in implementing the chapter's goals and policy should be read in pari materia and harmonized if possible. *See State v. Clausen*, 105 Wis. 2d 231, 244, 313 N.W.2d 819 (1982). The cardinal rule in interpreting statutes is that the purpose of the whole act is to be sought and is favored over a construction which will defeat the manifest object of the act. *See Milwaukee County v. DILHR*, 80 Wis. 2d 445, 453, 259 N.W.2d 118 (1977).

## A. Deadline for Appeal of Condemnation Commission's Award

¶ 8. The State contends that Dairyland's appeal from the Commission's award is strictly governed by WIS. STAT. § 32.05(10)(a). This statute states in relevant part:

472

(a) Within 60 days after the date of filing of the commission's award, any party to the proceeding before the commission may appeal to the circuit court of the county wherein the property is located.

*Id.* In this case, the Commission's award was filed with the circuit court clerk on October 31, 1998, and Dairyland did not appeal the award until January 8, 1999, more than sixty days after the date of filing. Citing *Achtor v. Pewaukee Lake Sanitary District*, 88 Wis. 2d 658, 663, 277 N.W.2d 778 (1979), the State concludes that because Dairyland's appeal was not timely, the circuit court lacks subject matter jurisdiction to hear the appeal and therefore it must be dismissed.

¶ 9. If WIS. STAT. § 32.05(10)(a) were the only statute that addressed the appeals process for a condemnation award under WIS. STAT. ch. 32, we would agree with the State. However, there is another provision that affects the timing of a party's appeal. WISCONSIN STAT. § 32.08, entitled "Commissioner of condemnation," includes the following language under para. (6)(b):

Within 10 days after the conclusion of [the condemnation] hearing the commission shall make a written award specifying therein the property taken and the compensation, and file such award with the clerk of the circuit court, who shall cause a copy thereof to be mailed to each party in interest and record the original in the judgment record of such court.

¶ 10. Despite the requirements of WIS. STAT. § 32.08(6)(b), the Commission did not file its award with the clerk of the circuit court until October 31, 1998, nineteen days after the October 12 condemnation hearing. More importantly, the court clerk did not mail

a copy of the Commission's award until January 5, 1999, after the sixty-day appeal deadline had expired. Dairyland contends that because the court erred by mailing a copy of the award in an untimely fashion, such error should be visited upon the court, not Dairyland.

¶ 11. The circuit court agreed with Dairyland. In doing so, the court noted "two conflicting policy issues." The first is the mailing requirement of WIS. STAT. § 32.08(6)(b) which, the court remarked, is "intended to notify all parties that the award has been filed and, therefore, to be on notice that the 60 day appeal time is running." The second is the parties' duty to be aware that the Commission has ten days to file its award and that the parties have sixty days thereafter to file an appeal. In resolving these issues, the court reasoned:

> In viewing these [condemnation appeals] provisions it appears that the legislature has good reason for requiring the Clerk to mail the notice which is to alert the parties to the appeal time, although it does not set the start of the appeal time. If the Clerk does not do its duty the parties are being denied what the legislature obviously intended.

The court further noted that the provision requiring mailing of the award "makes no sense if the Clerk can just wait to do that and do it at any time the office feels like doing it."

¶ 12. We agree with the circuit court that the sixty-day appeal deadline found in WIS. STAT. § 32.05(10)(a) must be reconciled with WIS. STAT. § 32.08(6)(b). While § 32.05(10)(a) plainly prescribes that an appeal is to be made within sixty days "after the date of filing of the commission's award," § 32.08(6)(b) spells out how the commission's award is

to be handled before an appeal is made. Within ten days after the final condemnation hearing, the commission shall make and "file such award with the clerk of the circuit court, *who shall cause a copy thereof to be mailed to each party in interest and record the original in the judgment record of such court." Id.* (emphasis added).

¶ 13. As the circuit court pointed out, the statutes present conflicting policies. On the one hand, the parties have an obligation to adhere to the appeal deadline under WIS. STAT. § 32.05(10)(a) and to respect the finality of judgments. *See Edland v. Wisconsin Physicians Serv. Ins. Corp.*, 210 Wis. 2d 638, 647–48, 563 N.W.2d 519 (1997) (addressing the "goal of finality" in the context of a motion to vacate and reinstate a judgment pursuant to WIS. STAT. § 806.07(1)(a) where an appeal was untimely due to court error). On the other hand, the commission has an obligation to make and file its award with the circuit court and the circuit court clerk has an obligation to mail and record the award as directed by WIS. STAT. § 32.08(6)(b).

¶ 14. In order to harmonize these competing policies, we read the filing requirement to encompass both the commission's obligation to file its award with the circuit court clerk and the court clerk's obligation to mail and record such award. By doing so, we effectuate the legislature's intent to provide notice to the parties that an award has been entered and that an appeal must be timely filed thereafter. We are persuaded that without enforcing the circuit court clerk's duties, the recording and mailing requirements carry little force. As the circuit court pointed out, the court clerk could simply sit on the award until after the appeal deadline has passed without any consequence to the court or to

the State. If this scenario were permitted, an appellant could lose its right to appeal without even knowing an appeal was to be commenced where the court, not the party, bore the responsibility for the lack of notice.

¶ 15. We therefore conclude that filing is complete under WIS. STAT. § 32.05(10)(a) when the commission has made and filed its award with the circuit court clerk and the clerk has mailed and recorded the award. In this case, Dairyland had sixty days to file its appeal following the clerk's January 5, 1999 mailing of the award.[2] Because Dairyland filed its appeal with the court on January 8, its filing was timely.[3]

---

[2] While not addressed in the parties' briefs or in the record, we presume that the Washington County Clerk of Courts fulfilled its obligation to record the Commission's award at the time it mailed the award on January 5, 1999.

[3] Although not controlling to the disposition of this case, we observe that recent case law has affirmed that a court's mistake should not be visited upon the appellant where such mistake bars an appellant from timely filing an appeal. In *Edland v. Wisconsin Physicians Service Insurance Corp.*, 210 Wis. 2d 638, 563 N.W.2d 519 (1997), the appellants did not file a timely appeal under WIS. STAT. § 808.04(1) (1995–96) because the circuit court had failed to send copies of its decision and order to the parties despite indicating that it would. To remedy the situation, the circuit court granted the appellants' motion to vacate and reenter the order, thereby permitting the appellants another chance to file their appeal. *See Edland*, 210 Wis. 2d at 642. The supreme court permitted the circuit court's reinstatement of the order under WIS. STAT. § 806.07(1)(a) (1995–96) and concluded that the circuit court's error "constitutes a compelling equitable consideration under § 806.07(1)(a) which outweighs the goal of finality and provides a basis for effectively extending the time to appeal." *Edland*, 210 Wis. 2d at 648.

In a more recent decision, *State ex rel. Fuentes v. Wisconsin Court of Appeals, District IV*, 225 Wis. 2d 446, 593 N.W.2d 48,

## B. Service Requirements

¶ 16. The State's second argument is that service of Dairyland's notice of appeal was not in strict compliance with WIS. STAT. § 32.05(10)(a). The service requirements of § 32.05(10)(a) provide:

> Notice of such appeal shall be given to the clerk of the circuit court and *to all persons other than the appellant who were parties to the proceeding before the commissioners*. Notice of appeal may be given by certified mail or by personal service. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant.

*Id.* (emphasis added).

¶ 17. Dairyland served notice on the Washington County Clerk of Courts, Assistant Attorney General Ptacek and Washington County Corporation Counsel. The State contends that Dairyland did not serve notice on "all persons . . . who were parties to the proceeding" because it failed to serve the DOT. *Id.* The State asserts

---

*review denied*, 228 Wis. 2d 172, 602 N.W.2d 758 (Wis. July 23, 1999) (No. 97–1471–CR), an appellant was precluded from filing an appeal before the supreme court because the court of appeals clerk inadvertently mailed the court's decision to the wrong law firm. Because the appellant's attorney did not receive notice of the court of appeals decision, no appeal was timely filed. To remedy the court clerk's error, the supreme court granted the appellant's petition for a writ of habeas corpus. In making its ruling, the court remarked that "[t]he parties are in agreement, and this court concurs, that [the appellant's attorney's] actions or inactions are not the root of [the appellant's] appellate misfortune. That responsibility, however inadvertent, lies solely at the feet of the court of appeals." *Id.* at 450.

that the DOT was clearly a party to the proceeding because Dairyland's notice of appeal names the DOT as the respondent, the Commission's findings and award refer only to the DOT and note that Ptacek was appearing for "the Condemnor, the Wisconsin Department of Transportation," and the DOT was named by Dairyland as the respondent in its WIS. STAT. § 32.05(9) "Petition for Assignment to County Condemnation Commissioners." The State further argues that service upon the counsel of record, here Ptacek, was not service on a party to the proceeding and that any communications from Ptacek to Dairyland prior to Dairyland's § 32.05(10) appeal before the circuit court had no effect on its service obligation.

¶ 18. Dairyland responds that service on the attorney general was proper for two reasons. First, the supreme court recently held in *Peterson* that service on the attorney general in an action appealing a condemnation award where the DOT is the condemnor under WIS. STAT. ch. 32 is proper. Second, Ptacek specifically directed that all communications go to her on behalf of the DOT in this action. We concur with Dairyland on both points.

¶ 19. We begin with the *Peterson* decision. There, the owners of condemned property (the Cohens) sought to challenge a condemnation award by initiating an appeal under WIS. STAT. § 32.05(9).[4] Although the Cohens named the DOT as the condemnor in their

---

[4] WISCONSIN STAT. § 32.05(9), entitled "APPEAL FROM AWARD BY OWNER OR OTHER PARTY IN INTEREST," provides in pertinent part:

(a) Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award . . . . Notice of the application shall be given to the clerk of the court and *to all other persons other than the applicant who were parties to the award.* (Emphasis added.)

application for appeal, they did not directly serve notice on the DOT; instead, they served the attorney general, who is the designated service agent for the State pursuant to WIS. STAT. § 801.11(3). The Cohens argued that service on the State through the attorney general constituted proper service on the DOT. The DOT disagreed.

¶ 20. The supreme court ruled that the service requirement in WIS. STAT. § 32.05(9)(a) that notice be given to "the clerk of the court and *to all other persons other than the applicant who were parties to the award"* was ambiguous. *See Peterson,* 226 Wis. 2d at 633 (emphasis added). The court observed that, on the one hand, because the DOT was responsible for the condemnation of the Cohens' property, service on the DOT would "seem intuitively correct." *Id.* at 632. On the other hand, the term "person" as used in § 32.05(9)(a) is defined in WIS. STAT. § 32.01(1) as "the state," among other entities, but not as a state agency. As such, a literal reading of § 32.05(9)(a) would indicate that the State, rather than the DOT, was the appropriate party to be served. *See Peterson,* 226 Wis. 2d at 632–33. The court concluded that because the notice provision "lack[ed] 'specific direction,' " the statute's ambiguity had to be resolved in favor of the Cohens. *See id.* at 633. The court noted that to "cut off [the Cohens'] right to a review of the [DOT's] decision when [they] complied with the literal language of the service requirement in [WIS. STAT. § 32.05(9)] would be extraordinarily harsh." *Peterson,* 226 Wis. 2d at 633–34 (quoting *Trojan v. Board of Regents,* 104 Wis. 2d 277, 284, 311 N.W.2d 586 (1981)) (alterations in original).

¶ 21. The court's analysis in *Peterson* is applicable to this case. In reaching this conclusion, we first observe the similar language of the two relevant provi-

sions. WISCONSIN STAT. § 32.05(10)(a) requires notice to "all persons other than the appellant who were parties to the proceeding before the commissioners." Section 32.05(9)(a) calls for notice to "all other persons other than the applicant who were parties to the award." The only difference in terms involves the reference in subsec. (9) to "the applicant" and to "parties to the award" while subsec. (10) refers to "the appellant" and to "parties to the proceeding before the commissioners." This divergent language is attributable to the nature of the two avenues of appeal. An appeal under subsec. (9) involves an application process and the appeal directly follows the commission's award. *See Schroedel Corp. v. State Highway Comm'n*, 34 Wis. 2d 32, 40–41, 148 N.W.2d 691 (1967). Subsection (10), meanwhile, permits an appeal before the circuit court and follows "the proceeding before the commissioners." Section 32.05(10)(a); *see Schroedel*, 34 Wis. 2d at 41. Regardless of their slight variations, both paras. (9)(a) and (10)(a) utilize the term "persons," which is what the *Peterson* court relied upon in finding an ambiguity.

¶ 22. Because the pertinent terms of WIS. STAT. § 32.05(9)(a) and (10)(a) are identical, we are convinced that consistent interpretations should be applied to both paragraphs. *See Board of Regents v. Wisconsin Personnel Comm'n*, 147 Wis. 2d 406, 417, 433 N.W.2d 273 (Ct. App. 1988) ("We see no reason why the virtually identical language in two statutes which have similar goals should be subject to differing interpretations."). As the *Peterson* court concluded, an ambiguity exists in reading the service of notice language. On the one hand, the DOT was a party to the condemnation award and is thus a party to "the proceeding before the commissioners." On the other hand, WIS. STAT. § 32.01(1) defines a "person" as including "the state"

but not a state agency or department. Arriving at the same conclusion as the supreme court, we hold that service on the attorney general was proper under § 32.05(10)(a).

■

¶ 23. We note, as the *Peterson* court did, that the legislature can amend the service of notice language "to clarify the procedures a property owner must follow when applying for an appeal of an award of damages." *Peterson*, 226 Wis. 2d at 634. In addition, the DOT can avoid the ambiguity in WIS. STAT. § 32.05(10)(a) in the future by providing along with the agency's decision "an explanation of the procedures that must be followed in order to appeal that decision." *Peterson*, 226 Wis. 2d at 634. There is no indication in the record or in the briefs that the DOT provided such an explanation.

¶ 24. Despite the nearly identical language contained within WIS. STAT. § 32.05(9)(a) and (10)(a), the State attempts to distinguish *Peterson*. Characterizing the supreme court's reliance on the definition of "person" in WIS. STAT. § 32.01(1) as "weak," the State argues that the statute should not be read in limiting terms. We adamantly reject the State's line of argument because such arguments go directly to the supreme court's reasoning which this court is in no position to question. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

¶ 25. The State continues with its argument, asserting that the supreme court "completely ignores" language from *Konrad v. State*, 4 Wis. 2d 532, 91 N.W.2d 203 (1958), which stated that the power of condemnation is given to various state agencies but not to the State. However, the State's argument itself ignores the *Peterson* discussion holding that *Konrad* no longer applies to the issue of service under WIS. STAT. § 32.05

because the statute's language has since changed. We repeat the court's discussion for the State's benefit:

> In the four decades since *Konrad* was decided, Wis. Stat. § 32.05 has changed in an important way. Instead of requiring that notice be given to "all interested" as was the case when *Konrad* was decided, the statute now requires that notice be given to "all persons"—which by definition includes "the state." We believe that this change in phraseology, though seemingly minor, reasonably permits the interpretation that service on the State of Wisconsin confers jurisdiction over one of the State's departments.

*Peterson*, 226 Wis. 2d at 630. Because the State provides no legitimate grounds for distinguishing *Peterson* from this case, we conclude that *Peterson* is dispositive.

¶ 26. Next, we consider Dairyland's contention that service of notice of appeal was not required directly on the DOT because Assistant Attorney General Ptacek requested that the DOT be removed from Dairyland's mailing list. Dairyland points to a September 2, 1998 letter from Ptacek to the Commission, and copied to Dairyland's counsel, in which Ptacek requested a schedule change for the condemnation hearing. At the end of the letter, Ptacek wrote: "Finally, pursuant to a telephone discussion on this date with Ms. Zenke, I request that the State of Wisconsin Department of Transportation (DOT), and Carrol Waldenberger of the DOT, be removed from your mailing matrix, as I represent DOT herein."

¶ 27. Dairyland contends that Ptacek's conduct constitutes a "special circumstance" that is an exception to the general rule that an attorney is not authorized to accept service on behalf of a client. *See Gangler v. Wisconsin Elec. Power Co.*, 110 Wis. 2d 649,

658, 329 N.W.2d 186 (1983) (recognizing a "special circumstance" where "an attorney at law formally acknowledges the receipt of a document as an attorney on behalf of a client" (citation omitted)). Dairyland argues that *City of LaCrosse v. Shiftar Bros., Inc.*, 162 Wis. 2d 556, 469 N.W.2d 915 (Ct. App. 1991), presents a "special circumstance" applicable to the instant case. In *City of LaCrosse*, the condemnee filed an appeal under WIS. STAT. § 32.05(9)(a) and served notice of the appeal on the city attorney on behalf of the City of La Crosse. We determined that service on the city attorney was appropriate because (1) the city attorney appeared in a variety of matters related to the disputed condemnation; (2) the city attorney filed a notice of retainer in the contested action that provided, "the City of LaCrosse in the above matter hereby appears by Patrick J. Houlihan, City Attorney, and all future petitions and papers should be forwarded to the undersigned"; and (3) the case number for the condemnation proceedings and the condemnee's appeal was the same. *See City of LaCrosse*, 162 Wis. 2d at 562.

¶ 28. While *City of LaCrosse* does not squarely govern the present situation, the case does lend support to Dairyland's position. First, Ptacek appeared on behalf of the DOT throughout the condemnation proceedings. Second, Ptacek informed the Commission and Dairyland that because she represents the DOT "herein," the DOT should be taken off of the Commission's mailing list. Although Ptacek's letter does not expressly demand "future petitions and papers" as did the letter in *City of LaCrosse*, the effect of requesting the removal of the DOT from the Commission's mailing list is the same. Ptacek's letter does not contain any limiting language that would put a party on notice that the attorney general's instructions no longer applied

when the proceedings before the Commission concluded. We therefore conclude that it was not unreasonable for Dairyland to infer that if it contested the Commission's award, it could serve the attorney general rather than the DOT.

¶ 29. In addition, we consider the State's "Notice of Appearance" which was addressed to Dairyland's counsel and filed with the Washington County Clerk of Courts on August 13, 1998. The notice states:

> PLEASE TAKE NOTICE that Attorney General James E. Doyle and Assistant Attorney General Kathleen M. Ptacek appear for the defendant[5] in the above-entitled action and demand that all documents hereafter filed in this action be served upon them at their office, located at 123 West Washington Avenue, Post Office Box 7857, Madison, Wisconsin 53707.

Perhaps more strongly than Ptacek's September 2, 1998 letter, this notice clearly evidences the attorney general's intent to appear on the DOT's behalf and to accept "all documents" pertaining to the condemnation action, including Dairyland's notice of appeal.

¶ 30. We now address the third consideration from *City of LaCrosse*: whether the condemnee's appeal contained the same case number as the condemnation proceedings. *See id.* In *City of LaCrosse*, the case number assigned to the condemnee's WIS. STAT. § 32.05(9) appeal was the same as its earlier petitions. Here, Dairyland is one step farther in the appeals process. Because of this, Dairyland's § 32.05(9) appeal carried a different case number (98–CV–651) than its subsequent § 32.05(10) appeal before the circuit court (99–

---

[5] Although no "defendant" is provided in the caption, the caption does designate the DOT as the "respondent."

CV–33). The State argues that this fact fatally distinguishes *City of LaCrosse* from Dairyland's case. While we recognize that the present case lacks this final consideration, we believe that this shortfall is overcome by the attorney general's explicit communication with Dairyland. We are convinced that the attorney general's August 13, 1998 notice of appearance coupled with the September 2, 1998 letter reasonably led Dairyland to believe that service of notice of appeal on the attorney general was sufficient to invoke jurisdiction. We therefore conclude that Ptacek's conduct constitutes a "special circumstance" which excepted Dairyland from having to directly serve notice of appeal on the DOT.

¶ 31. Finally, the State contends that even if service of notice of appeal on the attorney general was proper, Dairyland nonetheless failed to comply with WIS. STAT. § 801.11(3) because it did not "deliver[ ] a copy of the summons and of the complaint to the attorney general or leav[e] them at the attorney general's office in the capitol with an assistant or clerk." The State argues that Dairyland's mailing of a copy of the notice by certified mail "to an assistant attorney general at a post office box number" was deficient. The State's argument must be rejected.

¶ 32. As indicated above, the attorney general's notice of appearance in this case expressly "demand[ed] that all documents hereafter filed in this action be served upon them at their office, located at 123 West Washington Avenue, Post Office Box 7857, Madison, Wisconsin 53707." However, now the State argues that service of the notice of appeal is defective because it was sent by mail to the post office box it had previously provided. The State's position is clearly

inconsistent with its earlier expressed intent. We conclude that Dairyland satisfactorily served notice on the State.

*By the Court.*—Order affirmed.