COMMUNITY DEVELOPMENT AUTHORITY
of the City of Burlington,
Plaintiff-Appellant,

v.

RACINE COUNTY CONDEMNATION COMMISSION, Bank of
Elmwood and Racine County Treasurer,
Defendants-Respondents.

Court of Appeals

*No. 2005AP1370. Submitted on briefs December 15, 2005.
—Decided February 1, 2006.*

2006 WI App 51

(Also reported in 712 N.W.2d 380.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Alan H. Marcuvitz* and *Andrea H. Roschke*, of *Michael Best & Friedrich, LLP*.

On behalf of the defendant-respondent Bank of Elmwood, the cause was submitted on the brief of *Robert J. Riegelman* of *Riegelman & Mueckler, S.C.*, of Racine, and on behalf of the defendant-respondent Racine County Treasurer, the cause was submitted on the brief of *John P. Serketich* of Racine County Corporation Counsel Office.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J.   In this writ of prohibition proceeding, Community Development Authority of the City of Burlington (Community) sought to bar the Racine County Condemnation Commission from hear-

ing the Bank of Elmwood's appeal of Community's condemnation award. The circuit court rejected Community's request.

¶ 2.   Community first argues that the Bank's appeal notice to the circuit court failed to satisfy WIS. STAT. § 32.05(9)(a) (2003–04)[1] because it did not give adequate notice to the owner of the property. The circuit court held otherwise, and we agree. Second, Community contends that since assignment of the Bank's appeal to the condemnation commission by the circuit court was invalid because the Bank had failed to first file proof of service of the appeal notice as required by the statute, the Bank must commence a new appeal. The circuit court agreed with Community that the prior assignment was invalid because the proof of service had not been filed. However, the court ruled that the circuit court with jurisdiction over the Bank's appeal now had the authority to assign the Bank's appeal anew to the condemnation commission because the proof of service had been subsequently filed in a timely manner. We also agree with the circuit court on this point. We affirm the order dismissing Community's complaint.

## FACTS AND PROCEDURAL HISTORY

¶ 3.   The controlling facts and procedural history of this case are not in dispute. Community is a community development authority created pursuant to WIS. STAT. § 66.1335 and is vested with eminent domain powers. WIS. STAT. §§ 66.1335(4) and 66.1201(9)(h). On June 26, 2002, Community made an award of damages for the acquisition of the property located at 320 West Chestnut Street, Burlington, Wisconsin, owned by Bel-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Mur Enterprises, Inc. (Bel-Mur). In addition to Bel-Mur, the award listed the Bank as having an interest in the property.

¶ 4. On June 24, 2004, the Bank appealed Community's award of damages pursuant to WIS. STAT. § 32.05(9)(a) by filing a notice requesting the circuit court to assign the appeal to the Racine County Condemnation Commission.[2] The caption of the notice identified Bel-Mur as the owner of the property. The next section of the notice, which the trial court referred to as the "mailing matrix," indicated that the notice was directed to the Racine County clerk of court, the Racine County treasurer, and Community. Bel-Mur was not referenced in this mailing matrix. However, the body of the notice recited Bel-Mur as among those who had an interest in the property. The Bank's appeal was assigned to Judge Gerald Ptacek as circuit court case number 2004CV1394.

¶ 5. The next day, June 25, 2004, the Bank filed an amended notice naming two additional entities, but not Bel-Mur, in the mailing matrix. However, as with the original notice, the caption recited Bel-Mur as the owner of the property and the body of the notice listed Bel-Mur as having an interest in the property. On the same day, Judge Ptacek issued an order assigning the Bank's appeal to the Racine County Condemnation Commission.[3]

¶ 6. On June 10, 2005, Community filed the instant action seeking a writ of prohibition barring the

[2] Later, Racine County joined in the Bank's appeal as permitted by WIS. STAT. § 32.05(9)(a).

[3] It is not clear from the record whether Judge Ptacek's order was issued before or after Community filed the amended notice. This uncertainty, however, is not germane to the issues on appeal.

condemnation commission from hearing the Bank's appeal. The complaint named the condemnation commission, the Bank, and the Racine County treasurer as defendants. Community's request for a writ of prohibition was based on two grounds. First, Community alleged that the Bank's appeal notice failed to satisfy WIS. STAT. § 32.05(9)(a) because it did not provide adequate notice to Bel-Mur, the property owner. Second, Community alleged that Judge Ptacek's order assigning the Bank's appeal to the condemnation commission was invalid because the Bank had failed to file proof of service of the appeal notice prior to the issuance of the order. Community's case was assigned to Judge Emily Mueller as Racine County case number 2004CV1594. We review Judge Mueller's rulings on this appeal.

¶ 7. After issue was joined, Community moved for summary judgment. Following briefing and a hearing, Judge Mueller issued a bench decision rejecting Community's claims. As to Community's lack of adequate notice argument, Judge Mueller ruled that while the Bank's appeal notice was "not a model," it was sufficient to constitute notice to Bel-Mur. As to Community's argument that Judge Ptacek's order was invalid, Judge Mueller agreed because the order was issued before the Bank had filed proof of service of the appeal notice, contrary to WIS. STAT. § 32.05(9)(a). However, pursuant to *City of La Crosse v. Shiftar Bros., Inc.*, 162 Wis. 2d 556, 469 N.W.2d 915 (Ct. App. 1991), Judge Mueller ruled that WIS. STAT. § 801.02 served to extend the time for filing of the proof of service. Since the Bank had filed the proof of service within this extended deadline, Judge Mueller ruled that an order could now issue in case number 2004CV1394, the case originally assigned to Judge Ptacek, assigning the Bank's appeal to the condemnation commission.

¶ 8.  Based on these rulings, Judge Mueller denied Community's motion for summary judgment and, instead, granted summary judgment to the Bank and Racine County. Community appeals.

## STANDARD OF REVIEW

¶ 9.  "A writ of prohibition is an extraordinary remedy traditionally employed to restrain an inferior tribunal from exceeding its jurisdiction." *City of Madison v. DWD*, 2003 WI 76, ¶ 9, 262 Wis. 2d 652, 664 N.W.2d 584. Ordinarily, a circuit court's decision whether to issue a writ of prohibition is a discretionary determination that is reviewed for an erroneous exercise of that discretion. *Id.*, ¶ 10.

¶ 10.  However, in this case, the matter was resolved at summary judgment, a procedure which we review de novo, inquiring whether the movant is entitled to judgment as a matter of law. *See Arnold v. Cincinnati Ins. Co.*, 2004 WI App 195, ¶ 16, 276 Wis. 2d 762, 688 N.W.2d 708. Moreover, the questions of whether the Bank's appeal notice provided adequate notice to Bel-Mur and whether WIS. STAT. § 801.02(1) extends the deadline for the filing of the proof of service set out in WIS. STAT. § 32.05(9)(a) present issues of statutory construction, which we also review de novo as a question of law. *See State v. Stenklyft*, 2005 WI 71, ¶ 7, 281 Wis. 2d 484, 697 N.W.2d 769. We therefore conclude that our review is de novo, aided by the analysis of the circuit court. *See Marine Bank v. Taz's Trucking, Inc.*, 2005 WI 65, ¶ 11, 281 Wis. 2d 275, 697 N.W.2d 90.

¶ 11.  We also observe that in addition to denying Community's motion for summary judgment, Judge Mueller granted summary judgment to the Bank and

Racine County even though they did not seek this relief. Such action is permitted pursuant to WIS. STAT. § 802.08(6). While Community challenges Judge Mueller's legal rulings, it does not complain that the case was resolved by summary judgment. This is understandable since, as we have noted, the facts and history of this case are undisputed and, thus, the summary judgment record reveals no material issue of disputed fact. Section 802.08(2) mandates summary judgment if the record shows that there is no genuine issue as to any material fact and that judgment is appropriate under the prevailing law. *See also Marine Bank*, 281 Wis. 2d 275, ¶ 11. Thus, this case was appropriate for disposition by summary judgment. The only question is whether Community or the Bank and Racine County were entitled to such relief.

## ADEQUACY OF NOTICE TO BEL-MUR

¶ 12. Community argues that the Bank's appeal notice did not provide the notice contemplated by WIS. STAT. § 32.05(9) to Bel-Mur, the owner of the condemned property.[4] This statute states, in relevant part:

APPEAL FROM AWARD BY OWNER OR OTHER PARTY IN INTEREST. (a) Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award ... by applying to the judge of the circuit court for the county wherein the property is located for assignment to a commission of county condemnation commissioners .... *This application shall contain* a description of the property condemned and *the names and last-known addresses of all parties in interest* .... *Notice of the application shall be given to the clerk of the court and to all other persons other*

---

[4] Community's argument runs to both the original appeal notice and the amended appeal notice filed by the Bank. We will treat them as one. *See supra* n.2.

*than the applicant who were parties to the award. The notice may be given by certified mail or personal service. Upon proof of the service the judge shall forthwith make assignment.*

Section 32.05(9) (emphasis added).

¶ 13.  Community argues that the Bank's appeal notices were defective because they "omitted Bel-Mur from the list of notified parties." Community contends that this omission violates the requirement in WIS. STAT. § 32.05(9)(a) that "[n]otice of the application shall be given to the clerk of the court and to all other persons other than the applicant who were parties to the award."

¶ 14.  In making this argument, Community focuses exclusively on the mailing matrix portion of the Bank's notice to the exclusion of the balance of the notice. However, as Judge Mueller correctly observed, the notice did list Bel-Mur as the owner of the property in the introductory caption and additionally listed Bel-Mur in the body of the notice as among those who had an interest in the property. As noted, WIS. STAT. § 32.05(9)(a) provides that "[n]otice of the application shall be given . . . to all other persons other than the applicant who were parties to the award." Here, although the mailing matrixes did not include Bel-Mur, the remainder of the document prominently notes Bel-Mur both as the owner of the property and as an entity who was a party to the award. In addition, the notices were served on Bel-Mur by certified mail as permitted by the statute.

██

¶ 15.  While it would have been preferable if the appeal notice had listed Bel-Mur in the mailing matrix[5] (or had not used a mailing matrix), the inescapable

---

[5] Hence, Judge Mueller's statement that the notice was "not a model."

facts are that the appeal notice duly noted Bel-Mur as the owner of the property and identified Bel-Mur as an entity having an interest in the award. In addition, Bel-Mur was properly served with the appeal notice. The statute requires nothing more. We therefore hold that the Bank's appeal notice provided Bel-Mur with adequate notice.[6]

## TIMELINESS OF THE PROOF OF SERVICE

¶ 16.   Community next challenges Judge Mueller's ruling that WIS. STAT. § 801.02(1) extended the two-year deadline set out in WIS. STAT. § 32.05(9)(a) for filing the proof of service of the Bank's appeal notice. Applying this extended deadline, Judge Mueller ruled that the Bank's filing of the proof of service was timely and now permits the circuit court with jurisdiction over the Bank's appeal to issue an assignment to the condemnation commission.

██

¶ 17.   In the proceedings before Judge Mueller, Community argued that Judge Ptacek's prior assignment of the Bank's appeal to the condemnation commission was invalid because it was made prior to the Bank filing the proofs of service on the interested parties. Judge Mueller agreed with this argument, as do

---

[6] In support of its argument, Community cites to *519 Corp. v. Department of Transportation*, 92 Wis. 2d 276, 284 N.W.2d 643 (1979), and *Acheson v. Winnebago County Highway Committee*, 14 Wis. 2d 475, 111 N.W.2d 446 (1961). We deem neither case controlling or informative on this issue. Those cases dealt with situations where the appeal notice improperly disclosed the amount of the jurisdictional offer in direct contravention of WIS. STAT. § 32.05(9)(a) *(519 Corp.)* or a predecessor statute *(Acheson)*. This case presents no issue involving disclosure of Community's award of damages.

we. WISCONSIN STAT. § 32.05(9)(a) expressly bars an assignment prior to proof of service: "Upon proof of the service the judge shall forthwith make assignment." Thus, Judge Mueller correctly ruled that Judge Ptacek's assignment was of no legal effect.

¶ 18. However, Judge Mueller further ruled pursuant to *Shiftar* that WIS. STAT. § 801.02(1) served to extend the two-year deadline set out in WIS. STAT. § 32.05(9)(a) for the filing of the proof of service by ninety days. Since the Bank had filed the proof of service within this extended deadline, Judge Mueller ruled that the Bank's filing of the proof of service was timely.

¶ 19. In *Shiftar*, the condemnor argued that the owner's appeal from the condemnation award was doomed because it was filed beyond the two-year deadline set out in WIS. STAT. § 32.05(9)(a). *Shiftar*, 162 Wis. 2d at 559. The owner responded that this deadline was extended by the then sixty-day deadline for service of an authenticated copy of the summons and complaint after the filing of the action pursuant to WIS. STAT. § 801.02(1) (1989–90). *Shiftar*, 162 Wis. 2d at 559.[7]

¶ 20. The court of appeals agreed with the owner that the two-year deadline in WIS. STAT. § 32.05(9)(a) was extended by the sixty-day deadline in WIS. STAT. § 801.02(1). *Shiftar*, 162 Wis. 2d at 560. The court reasoned that the application of the rules of civil procedure to an action under § 32.05 was proper since

---

[7] At the time of *City of La Crosse v. Shiftar Bros., Inc.*, 162 Wis. 2d 556, 469 N.W.2d 915 (Ct. App. 1991), WIS. STAT. § 801.02(1) allowed sixty days to serve an authenticated copy of the summons and complaint following the filing of the action. The current statute allows ninety days for service following the filing of an action.

§ 32.05(9)(a) "does not designate the time for service." *Shiftar*, 162 Wis. 2d at 560.

¶ 21. Like Judge Mueller, we hold that *Shiftar* squarely governs this issue. Community does not appear to dispute this but nonetheless argues that "[t]his legal conclusion should be reviewed." We interpret this remark as an invitation to overrule *Shiftar*. But we have no authority to do so. A published decision by one district of the Court of Appeals is binding on the other districts. *In re Court of Appeals of Wis.*, 82 Wis. 2d 369, 371, 263 N.W.2d 149 (1978). Under *Shiftar*, the Bank's filing of the proof of service was timely.

## JUDGE MUELLER'S AUTHORIZATION FOR A NEW ASSIGNMENT

¶ 22. Having ruled that the Bank's proof of service was timely under the extended deadline permitted by Wis. Stat. § 801.02(1) and *Shiftar*, Judge Mueller authorized the issuance of a new assignment of the Bank's appeal to the condemnation commission. Community challenges this ruling, arguing that the commencement of a new appeal, not merely a new assignment, is required.[8]

¶ 23. Before we get to the heart of Community's argument, we recount exactly how this issue evolved before Judge Mueller. After ruling that the Bank's appeal notice provided sufficient notice to Bel-Mur and that the proof of service was timely filed, Judge Mueller stated, "[T]his Court does have the authority now to make the assignment to the Condemnation Commission based upon the filing of the amended application.

---

[8] Such appeal would obviously now be untimely under the two-year deadline of Wis. Stat. § 32.05(9)(a) and the ninety-day extended deadline of Wis. Stat. § 801.02(1).

And I will so order." However, Community's attorney questioned whether such action was proper within the context of this prohibition action. Judge Mueller responded, "You know, you're absolutely right. This is a writ of prohibition, so all I'm going to do . . . procedurally all I can do within this action is deny the petition for the writ of prohibition . . . ."

¶ 24.  However, Judge Mueller then went on to observe that the case originally assigned to Judge Ptacek's branch of the circuit court was now assigned to Judge Mueller's branch. Thus, the final order signed by Judge Mueller in this prohibition case, bearing case number 2005CV1594, stated:   "That the court is now empowered to enter an Order of Assignment to the Racine County Condemnation Commissioners *in Case No. 04–CV-1394.*" (Emphasis added.) Against this history, we now turn to Community's argument challenging this portion of Judge Mueller's final order.

¶ 25.  Community  argues  that  Wɪs.  Sᴛᴀᴛ. § 32.05(9)(a) does not expressly allow for the issuance of a fresh assignment to the condemnation commission in the face of a prior invalid assignment. While that is true, we also observe that there is nothing in the statute that bars such an order. Both in logic and in law, we decline to interpret the statute in the narrow and strict manner urged by Community when all requirements of the statute have otherwise been met and where the defect that caused the invalidity of the original assignment has been cured within the time limits set by the law.

¶ 26.  Ironically, one of the cases relied upon by Community in its argument on the notice issue supports our holding on this issue. In *519 Corp. v. Department of Transportation*, 92 Wis. 2d 276, 278–29, 284 N.W.2d 643 (1979), the owner's appeal notice improperly recited the amount of the jurisdictional offer in

direct contravention of Wis. Stat. § 32.05(9)(a). Nonetheless, the supreme court held that the owner's violation of the statute did not render the appeal notice a nullity requiring dismissal of the action. *Id.* at 283. In support, the court noted that the parties had taken steps to eliminate the offending information before the appeal notice reached the condemnation commission and that the corrective action was taken within the statutory time period for submitting a new application. *Id.* at 283–84.

¶ 27.  That same logic applies to the facts of this case. Judge Ptacek's original assignment of the Bank's appeal to the condemnation commission was premature because the proof of service had not yet been filed. But this defect was corrected within the extended time limits prescribed in Wis. Stat. § 801.02(1) under the *Shiftar* decision. Thus, there no longer was any impediment to the issuance of a fresh assignment of the Bank's appeal in the appeal action.

¶ 28.  Judge Mueller prudently recognized that the circuit court's authority in this case was limited to a denial of Community's application for a writ of prohibition. At the same time, Judge Mueller recognized that the practical effect of that ruling cleared the way for a fresh order of assignment to the condemnation commission but that such action had to occur within the context of the appeal proceedings, not this prohibition proceeding. We hold that Judge Mueller did not overstep the circuit court's authority in this case.

## CONCLUSION

¶ 29.  We hold that the Bank's appeal notice provided adequate notice to Bel-Mur under Wis. Stat. § 32.05(9)(a)r. We also hold that the Bank timely filed

the proof of service under the extended deadline allowed by Wis. Stat. § 801.02(1) and *Shiftar*. Finally, we uphold Judge Mueller's ruling that the way is now clear for the issuance of a fresh assignment of the Bank's appeal to the condemnation commission in circuit court case number 2004CV1394 should the Bank choose to seek such an order and assuming that there are no other impediments to the issuance of such an order.

*By the Court.*—Order affirmed.